### BAGLEY *et al. vs.* STEPHENS.

Though one of plaintiffs below was not barred when suit was first brought, yet as that suit was dismissed and there was no renewal of it for over six months and he was barred before the second suit, he had no right to recover. Hence there was no error in granting new trial, though there was an offer to write off the verdict in favor a of plaintiffs the interest of another plaintiff whose claim was admitted to be barred.

2. Besides, the evidence was conflicting, and this being the first grant of a new trial, it will not be disturbed.

June 1, 1887.

Actions. Statute of limitations. New trial. Before Judge SMITH. Chattahoochee superior court. September term, 1887.

Reported in the decision.

Z. A. LITTLEJOHN and HATCHER & PEABODY, by brief, for plaintiffs.

C. J. THORNTON, for defendant.

SIMMONS, Justice.

1. There was no error in the grant of a new trial in this case by the court below, even though the plaintiffs offered to write off from the verdict the recovery had in favor of Mrs. Bagley, who was clearly barred by the statute of limitations. It appears from this record that John Bagley, one of the plaintiffs in the court below, was also barred when the last suit was instituted. The first suit was filed

August 23d, 1884, and dismissed by the plaintiffs March 24th, 1885, and was renewed September 28th, 1885, making six months and four days between the dismissal of the first suit and the filing of the second. The code, §2932, provides that "if a plaintiff shall be nonsuited or shall discontinue or dismiss his case, and shall recommence within six months, such renewed case shall stand upon the same footing, as to limitation, with the original case." The statute of limitations had not fully run against John Bagley when he brought the first suit, but he was barred before the second suit was instituted, and not having recommenced the same within six months, the statutory bar applied to him; and therefore the court was right in granting a new trial on that ground.

2. Besides, even if the statute had not run against John Bagley, the evidence being conflicting and this being the first grant of a new trial, this court will not interfere.

Judgment affirmed.