The Mayor and Council of Brunswick *v.* King *et al.*

The streets of the city of Brunswick being by its charter vested in fee simple in the mayor and council, with power to widen, extend and straighten the same, and with power to open, lay out and establish new streets, the necessary incidental power of grading

and otherwise improving the streets and keeping them in repair is also in the mayor and council. None of these powers are withdrawn, abridged or limited by the amended charter of the city approved November 12, 1889, providing for the creation of a board of health and the election of a health officer. Ordinances passed under the authority of the amended charter, which do not expressly name the mayor and council as subject thereto, are not operative upon them when acting as a municipal body in the exercise of their corporate functions in improving or repairing the streets. *Brooks* v. *State*, 54 *Ga.* 36; *Lingo* v. *Harris*, 73 *Ga.* 28. Consequently, the board of health or its members cannot have the mayor and council restrained or enjoined from grading and improving a street, on the ground that the work or its results will be dangerous to the public health.

April 10, 1893. By two Justices. Argued at the last term.

Before Judge SWEAT.     Glynn county.     September 8, 1892.

FRANK H. HARRIS and CROVATT & WHITFIELD, for plaintiff in error.

No appearance *contra*.

SIMMONS, Justice.

By the injunction in this case, the mayor and council are prohibited from excavating or removing any soil, earth or dirt within the corporate limits, for any purpose, during the period stated, unless by permission of the municipal board of health. The ground upon which the injunction is placed is, not that such excavating, etc., would constitute a nuisance *per se*, but that all power and authority of the city council in the matter of upturning the earth in the city during that period was relinquished, and the consent of the board of health rendered necessary, by an ordinance adopted by the mayor and council, at the request of the board of health, on the 2d of July, 1890, which declared it should be "unlawful for any persons to excavate or remove, either or both, any soil, earth or dirt within the incorporate limits of said city, at any time from the first day of June until the fifteenth day of October in each and every year, including the year 1890, unless by permis-

sion of the board of health, evidenced by a resolution of said board to that effect"; and that any person violating the provisions of the ordinance should, upon conviction in the police court, be punished as prescribed by the city charter.

We think the court below erred in holding this ordinance applicable to the mayor and council, so as to preclude them from exercising their corporate functions in improving and repairing the streets of the city, as they were undertaking to do when restrained by the injunction. It is a maxim of the common law that "the king is not bound by any statute if he be not expressly named to be so bound." No intent to relinquish or abridge any prerogative, right, title or interest of the crown will be presumed, unless such an intent is manifest from the language of the statute. Broom, Leg. Maxims, *72. With us, this rule applies to the State, and in the case of a municipal ordinance, to the governing body of the municipality. In the case of *Lingo* v. *Harris*, 73 *Ga.* 30, it was said: "It is a general rule that the State is not bound by the passage of a law, unless named therein, or the words of the act should be so plain, clear and unmistakable as to leave no doubt as to the intention of the legislature. Where there is doubt, it will be resolved in favor of the public. 20 Wallace, 251 ; 92 U. S. 618. This rule of construction comes down to us from our English ancestors, and we recognize it as sound, and the policy which originally dictated it lives and is in force to-day." See also *Brooks* v. *The State*, 54 *Ga.* 36, and Bishop on the Written Laws, §103. By the charter of the city of Brunswick, the streets of the city were vested in fee simple in the mayor and council, with power to widen, extend and straighten the same, and to open, lay out and establish new streets (Acts 1872, p. 151; §§14, 43); and incident to this power was that of grading and otherwise improving the

streets and keeping them in repair. None of these powers are withdrawn, abridged or limited by the amended charter approved November 12th, 1889, which provides for the creation of a board of health and the election of a health officer. (Acts 1889, p. 1035.) This act does not give the board of health any control over the action of the mayor and council, but on the contrary provides that its powers and duties shall be defined by the mayor and council; and in their ordinance defining these powers and duties, the mayor and council, so far from abdicating or restricting their own power and authority as to matters entrusted to the supervision of the board, were careful to require that all resolutions of the board in relation to such matters should be submitted to the mayor and council for adoption. The function of the board was that of an advisory body, and of an agency to carry out such regulations in the matter of the public health, not. inconsistent with the laws of the land, as the mayor and council by their ordinances might see fit to direct. Applying the rule laid down in the first part of this opinion, it cannot be presumed that the mayor and council, by an ordinance which merely in general terms prohibits "persons" from excavating, etc., during the time stated, and prescribes a punishment therefor, intended to limit their own power and authority and to entrust to a subordinate body the right to control their action and prevent them from prosecuting work upon the streets which in their judgment might be necessary for the safety and convenience of the public. For these reasons we think the court erred in granting the injunction, and the judgment is

*Reversed.*