BURRUS *et al. v.* CITY OF COLUMBUS *et al.*

1. Where a railway company by an act of the General Assembly is duly authorized to construct and operate a side-track of its railroad in a given street of a city, the fee to which street is in the State, a court of equity will not enjoin it from so doing, merely to prevent consequential damages to the property of a private citizen which is located upon such street.

2. Upon the hearing of an application for injunction to prevent alleged irreparable injury, it is not erroneous to refuse to grant the same, when neither the petition nor the evidence sets forth facts sufficient to enable the court to determine the necessity for an injunction.

Argued April 29, — Decided July 22, 1898.

Petition for injunction. Before Judge Butt. Muscogee county. March 7, 1898.

The petition of certain citizens of Columbus against the city, the Empire Mills Company, and the Central of Georgia Railway Company, for injunction against the laying of a railroad-track in the streets of the city, extending from what was formerly the Mobile & Girard Railroad to the premises of the Empire Mills Company, alleged that the streets of the city were dedicated to the public use when the city was laid out and incorporated by the State; that the railroad running through the city, formerly known as the Mobile & Girard Railroad, is owned and operated by the Central of Georgia Railway Company; that the Mobile & Girard Railroad Company obtained from the mayor and council of the city permission to lay its tracks through the city, and necessary legislation therefor; that the city granted permission to G. W. Woodruff to run a railroad-track through the city from the Mobile & Girard Railroad to his mill, and the Empire Mills Company now controls and operates the mill; and the petitioners are informed and believe that the Empire Mills Company intends to lay a track from the Mobile & Girard Railroad through the streets of the city under the permission granted to Woodruff, and the Central of Georgia Railway Company and the city have combined and confederated with the Empire Mills Company to lay the track and operate the same; and property of the petitioners on Ninth street, at the place where the track is to be laid, will be injured thereby, and the petitioners irreparably damaged, all of which is con-

trary to equity and good conscience. The City of Columbus demurred to the petition, on the grounds that the city was improperly joined as a party defendant, and the petition was multifarious. The city and the Empire Mills Company filed answers, in which they denied that they intended to lay or aid in laying a track as alleged; and they averred that permission to the Mobile & Girard Railroad Company to lay its tracks between the points designated was granted at an election held by the people of the city for that purpose, and that upon this consent the legislature granted such permission, by an act approved December 16, 1890 (Acts 1890-91, p. 254). The railway company demurred on the grounds that the petition was without equity and under its allegations the plaintiffs were not entitled to the relief sought, and that, the petition seeking to restrain an alleged public nuisance, and the petitioners being private citizens, they had no right of action against the defendant. The railway company in its answer admitted that it intended to lay a track in the streets as alleged in the petition, and was, at the time of the service of the restraining order in this case, actually engaged in laying the track; but it alleged that the grade of the track was and is to be, as far as practicable, even with the level of the streets, and the grading between the track and on each side of it kept in such condition by the railway company as not to obstruct or impair the streets for the use of vehicles and citizens more than necessary for a proper construction of the track; and that under the act of the legislature approved December 16, 1890, the railway company has a right to so construct the track, the fee of the streets being vested in the State, and the streets being subject to legislative control, and the railway company having, by virtue of a judicial sale of all the property of the Mobile & Girard Railroad Company, become vested with the franchises of that company, including the right to lay the track in question.

At the hearing the plaintiffs introduced in evidence an affidavit of one of the plaintiffs that he resided and owned property opposite to where the proposed track was to be placed, on Ninth street, and the placing of the track there would cause him irreparable damage. Other evidence to the same effect was intro-

duced.    Plaintiffs also introduced in evidence an extract from the minutes of the city council of Columbus, showing that at a meeting of the council in June, 1890, that body granted a petition of Woodruff and others asking that the Central Railroad be granted the privilege of constructing and using a side-track, commencing at some point of the Mobile & Girard Railroad on Ninth street, between Broad street and First avenue, and extending to the Empire Mills lot, the work to be done under supervision of the superintendent of public works.    The defendants introduced evidence in support of the allegations of fact contained in their answers.    The court refused the injunction, and plaintiffs excepted.

*C. J. Thornton* and *A. E. Thornton,* for plaintiffs.

*J. D. Little, F. D. Peabody* and *C. E. Battle,* for defendants.

FISH, J.    At the trial the case was heard by the court upon the petition, demurrers, answers, and the evidence.    Each of the several defendants having in its answer denied the charges of combination and confederacy, and no evidence being offered in support of the same, the Empire Mills Co. having in its answer denied that it intended to lay the side-track in question and the plaintiffs offering no evidence to substantiate this charge, and the Central of Georgia Railway Co. having admitted that it intended to build this track, and that at the time of the service of the temporary restraining order it had actually begun to do so, the real issue at the interlocutory hearing was between the plaintiffs and the railway company.    It is unnecessary to consider whether or not there is a misjoinder of parties defendant in the case; for, in our opinion, in no view of the case, as made by the petition or the evidence, were the plaintiffs entitled to an injunction.    It is perfectly clear, from the evidence, that the railway company is duly authorized by the law to build and operate the side-track in question.    The fee to the streets in the city of Columbus is in the State.    Dawson's Compilation, 470, 474; *Kavanagh* v. *Mobile & Girard R. Co.,* 78 *Ga.* 271.    By an act of the General Assembly of this State the Mobile & Girard Railroad Co. was authorized to construct, maintain, and operate this side-track.    Acts of 1890-91, p. 254.

The evidence shows that, under and by virtue of a regular judicial sale, had in accordance with a decree of the United States circuit court for the middle district of Alabama, the decree of the court confirming such sale, and a deed in pursuance thereof, executed on the 7th day of March, 1896, the Central of Georgia Railway Co. became the owner of all the property, rights, and franchises of the Mobile & Girard Railroad Co. The right to construct, maintain and operate this side-track was a franchise of the Mobile & Girard Railroad Co., and passed to and became a franchise of the Central of Georgia Railway Co., by virtue of the judicial sale and the decree of the court confirming the same. New Orleans &c. R. Co. v. Delamore, 114 U. S. 609; People v. Kerr, 37 Barb. 393. It is to be presumed, in the absence of any allegations or evidence to the contrary, that the defendant railway company is proceeding to avail itself of the rights conferred by this franchise in a legal manner and in compliance with the requirements of the law. It is, therefore, clear that it can not be deprived of these rights by injunction. To hold that, upon such allegations as are contained in the plaintiffs' petition and such evidence as was offered in its support, the railway company can be prevented from building and operating this track, would be to hold that a court can destroy the lawful franchise of a railroad company, in order to prevent the consequential damages which will ensue to private property by reason of its exercise. Such is not the law. It is true that the legislature can not confer upon a railroad company the power to take or damage private property without compensation; but no such question is made in the case at bar. The law applicable to cases where property is taken or damaged by the exercise of the power of eminent domain is not the law that is invoked in this case. So far as can be ascertained from the meager allegations of the petition and the scanty facts contained in the evidence offered to sustain it, the plaintiffs seem to be proceeding upon the theory that the laying and operating of the side-track in the street upon which their property is located will be a nuisance which will subject their property to irreparable injury, and that they are therefore entitled to an injunction which will perpetually prohibit the railway company from con-

structing the track. But that which the law authorizes to be done, if done as the law authorizes it to be done, can not be a nuisance. 1 High on Injunctions, §767, and cases cited; Hinchman *v*. Paterson Horse Railroad Co., 2 C. E. Green, 75 ; Hogencamp *v*. Same, Ib. 83 ; Elliott on Roads and Streets, 484, and cases cited. See also *Davis* v. *East Tenn. Ry Co.,* 87 *Ga.* 611; *Savannah R. Co.* v. *Woodruff,* 86 *Ga.* 98, 99.

2. But aside from this, we do not think that the allegations of the petition or the facts developed by the evidence were such as to require the grant of an injunction, and consequently there was no abuse of discretion in denying it. It is well established that the mere allegation of irreparable injury is not sufficient to authorize the granting of an injunction, but facts must be alleged upon which the charge of irreparable injury is predicated, in order that the court may be satisfied as to the nature of the injury. 1 High on Injunctions, §34, and cases cited. In 10 Encyclopædia of Pleading and Practice, 954, the rule is thus stated: "A general allegation that the acts apprehended will be irreparable, unattended by such a statement of facts as enables the court to see that such will be the result, is insufficient. The pleader must not content himself with a mere averment of his conclusions, but must show how the irreparable injury apprehended is to arise, by giving a full and detailed statement of the facts, the nature and condition of his property, etc., so as to enable the court to determine the necessity for an injunction." In *Bailey* v. *Simpson,* 53 *Ga.* 525, this court said: "The allegation that, without injunction, the complainant's injury would be irreparable, is of no value, for a state of facts is not presented from which such injury is likely to accrue." Whether the damage is or is not irreparable, is a conclusion of law which the court draws from the facts and circumstances as set forth in the petition. *Justices* v. *Griffin,* 11 *Ga.* 246. Hence, "facts must be set forth, specifications of the injury made, so that an intelligent mind may understand how and to what extent there will be injury." *Coast Line R. Co.* v. *Cohen,* 50 *Ga.* 462. If it is necessary for the pleadings to set forth the facts, so as to enable the court to determine the necessity for an injunction, most assuredly it is necessary that

the evidence should do so. As to Threatt, one of the two plain-
tiffs in the case, the evidence did not even sustain the allegation
that he owned property upon the street in question. Only
two witnesses testified for the plaintiffs, and there was nothing
in the testimony introduced by the defendants which tended to
strengthen the plaintiffs' case. One of these witnesses, Kin-
caid, simply testified that "he was a citizen of the City of Co-
lumbus and that he lived upon Ninth street, and that the plac-
ing of the track upon the said street would be to great damage
to property-owners and would result in irreparable loss to the
property-owners on Ninth street." It will be seen that he
stated a mere opinion of his, without stating any fact upon
which he predicated it, except the isolated fact of the placing
of the track upon the street, and that his conclusion, that ir-
reparable loss would result from the placing of the track there,
is applied, indiscriminately, to all the property-owners upon
that street. Clearly his evidence was of no value to the plain-
tiffs. Burrus, the other witness and one of the plaintiffs, tes-
tified that "he was a citizen of Columbus and that he lived on
Ninth street in said city; that he was the owner of and pos-
sessed of property on Ninth street; that the track proposed to be
laid was immediately opposite his residence and in front of his
residence, and that the placing of the track there would be to
his great damage and be an irreparable loss." While he stated
that he owned and possessed property on Ninth street, he did
not state any particular whatever as to the nature or condition
of this property. So far as appears from his evidence, he may
or may not own the property which he occupies as a residence.
Granting, however, that he really owns the property upon which
he resides, how the track is to be constructed in the vicinity of
this property, what are the particulars in which it will affect
this property or the use of the same, how near the track would
be to his residence, and, in short, how and in what way it "would
be to his great damage and be an irreparable loss," are all mat-
ters which are left to conjecture. The facts upon which he
bases his conclusion of irreparable loss, as contained in his evi-
dence, are too meager. We do not think that a court would be
authorized to conclude that the mere "placing" of a railroad-

track, in any manner, anywhere in a street of unknown width, immediately opposite and in front of a private residence, which is situated at any conceivable distance from the street, would necessarily cause the owner and occupier of the residence to sustain irreparable damages. The evidence wholly failed to present to the court a state of facts from which it could intelligently determine whether or not irremediable damages would ensue to the property of this plaintiff, if the railway company constructed the track in question upon Ninth street. If, therefore, there had been no evidence in the case except that offered by the plaintiffs, the court below would not have abused its discretion by refusing the injunction applied for.

*Judgment affirmed. All the Justices concurring, except Little, J., disqualified.*