11195. MAYOR AND COUNCIL OF GAINESVILLE *v.* ROBERTSON.

STEPHENS, J. 1. It nowhere appears that exceptions pendente lite were taken to the allowance of the amendment to the plaintiff's petition. The assignment of error in the bill of exceptions to such allowance, coming too late, cannot be considered.

2. Where a petition alleges the erection and maintenance of a permanent nuisance whereby the plaintiff's lands are permanently injured, and seeks to recover past and prospective damages, and there is allowed an amendment alleging that the nuisance is not of a permanent nature but is one that may be abated, which amendment seeks to recover only damages actually sustained within the period prescribed in the statute of limitations before the suit was brought, the petition, after having been amended, is not subject to demurrer upon the ground that the amendment sets out a new and distinct cause of action.

3. An allegation that the plaintiff's crops, on account of the alleged nuisance, decreased in value a specified amount per year during the four years prior to the filing of the suit was subject to a special demurrer upon the ground that the value of the crops each year during such period was not set out. Such error, however, is immaterial and is not sufficient to cause a reversal.

4. Even though a nuisance has been continuing from a time prior to the plaintiff's acquisition of the land and prior to the period of time allowed by the statute within which suit may be brought, the plaintiff may, nevertheless, within the statutory period recover the full damage caused to his land by the continuation of the nuisance, and is not restricted to damage caused solely from an increase in the noxious character of the nuisance, arising after the plaintiff acquired the property or within the period allowed by the statute of limitations.

5. "One . . may testify as to value if he has had an opportunity for forming a correct opinion." Civil Code (1910), § 5875. Where the rental value of land is claimed to have been impaired by an alleged nuisance, one who is familiar with the land and the conditions alleged to have been caused by the nuisance may testify to the relative rental values of the land under such conditions, and with such conditions removed.

6. The evidence warranted the inference that the maintenance of a continuing nuisance by the defendant was the proximate cause of the plaintiff's damage. No reversible error appears, and the verdict is supported by the evidence.

*Judgment affirmed. Jenkins, P. J., and Smith, J., concur.*

DECIDED AUGUST 16, 1920.

Action for damages; from city court of Hall county — Judge Wheeler. November 29, 1919.

*C. N. Davis, W. B. Sloan,* for plaintiff in error.

*W. A. Charters, H. H. Perry,* contra.