## 14373.　SHEPPARD *v.* GEORGIA RAILWAY & POWER CO.

1. This action, properly construed, was one wherein the plaintiffs sought to recover for damage to their property, resulting from the act of the street-railway company in changing the grade of the street while laying its tracks thereon in the proper exercise of the conferred right of eminent domain. In such a case the right to recovery accrues under that provision of the constitution which declares that private property shall not be taken or damaged for public purposes without just and adequate compensation being first paid (*Mayor &c. of Albany* v. *Sikes,* 94 *Ga.* 30, 20 S. E. 257, 26 L. R. A. 653, 47 Am. St. R. 132); and the measure of damages is the difference in the market value of the property before and after the change in the grade. *City of Atlanta* v. *Green,* 67 *Ga.* 386 (3); *Smith* v. *Floyd County,* 85 *Ga.* 420 (3) (77 S. E. 850). When this work was done and damage resulted therefrom to the plaintiffs, they had a right of action for damages, not only for that which might have·accrued prior to the bringing of the action, but for such as might accrue in the future. However, "the whole damage could have been assessed in one action; such action taking the place of the statutory provision in cases where property is condemned, that the whole damage shall be assessed . . The authorities are numerous that such an action must be brought within the statutory period, for all the damages, both past and future; and the [plaintiffs] having failed to bring suit within that time, [their] right of action was barred. . . As there was no original nuisance, there could be no continuing nuisance." *Atkinson* v. *City of Atlanta,* 81 *Ga.* 625 (7 S. E. 692).

2. The only damages recoverable in this case accrued more than four years before the filing of the action, and therefore were barred by the statute of limitations, which the defendant pleaded. The case is here upon exceptions by the plaintiff to the action of the trial court in dismissing the suit, at the close of the evidence, by an order in the nature of a nonsuit. The statute of limitations is properly invoked by a demurrer or special plea, and not by a motion for a nonsuit; though where a nonsuit is granted upon that ground and the proper result is attained, the nonsuit will not be reversed merely because of the adoption of the improper practice, where the judgment is not assigned as erroneous for that reason. *Small* v. *Cohen,* 102 *Ga.* 248 (3) (29 S. E. 430); *Poole* v. *Trimble,* 102 *Ga.* 773, 775 (29 S. E. 871).

DECIDED FEBRUARY 25, 1924.

Action for damages; from city court of Decatur—Judge Daley. January 18, 1923.

*Etheridge, Sams & Etheridge,* for plaintiffs.

*Colquitt & Conyers,* for defendant.

BELL, J. This was an action by the owners of realty abutting upon Roland Avenue in the City of Clarkston in the county of DeKalb, against the street-railway company, for damage alleged to have been sustained by reason of the increase of the elevation of the street by the company in the construction of its railway-track. Plaintiffs alleged that the change in the grade of the street interfered with and stopped the natural drainage and flow of surface-water over the plaintiffs' land, causing the water to back over a large area to a depth of twelve inches "after each large rain," that "the backing and standing of said surface-water has rendered petitioners' land unfit for cultivation," and that the land was previously dry and tillable, producing annual crops of a stated value. The prayer was for recovery of the net value of the annual crops alleged to have been lost because of the above-described condition during four years next prior to the filing of the suit, and also a stated sum as the resulting diminution in the market value of the land. The petition contained the allegation "that in constructing said track said defendant changed the level or grade on said street by filling in parts of said street several feet *to facilitate the construction and operation of its car line."* (Italics ours.) There is no averment that the change in the grade of the street was executed in a negligent, unskilful, or improper manner, or that the defendant was not acting by authority of law. The defendant filed a general denial, and specially pleaded the statute of limitations.

The bill of exceptions brought by the plaintiffs recites that at the close of the plaintiffs' evidence "counsel representing the defendant moved that the case be dismissed, in the nature of a nonsuit, on the ground that the statute of limitations controlled the case and that the case was barred, it not having been brought within four years after the alleged nuisance was committed," and that thereupon the court passed the order of dismissal, which is assigned as error.

1. This court will take judicial cognizance of the fact that the charter of the defendant, Georgia Railway and Power Company, as granted by the secretary of State on June 16, 1911, conferred authority to lay its tracks longitudinally upon Roland Avenue in the municipality of Clarkston. *Robertson* v. *Tallulah Falls Railway Co., 29 Ga. App.* 530 (3) (116 S. E. 65). This right, however, under the constitution of this State could not be exercised without the consent of the municipality. Civil Code (1910), § 6444; *Almand* v. *Atlanta Consol. Street Railway Co.,* 108 *Ga.* 417 (1), 425 (34 S. E. 6). The track was laid in 1913. The present action was filed in 1921. There was no evidence to show that the consent of the municipality had not been granted. Neither was there evidence that it had ever objected to the laying of the track. Indeed, one of the witnesses introduced by the plaintiff, who was a member of the town council at the time the tracks were laid and the street-grade changed, testified, without objection and without dispute, that the town council "had the railroad to grade that street." The charter of the municipality as it then existed (Ga. L. 1898, pp. 165, 168) gave power to the municipal authorities "to keep in good order and repair all streets . . and to extend and lay out streets and regulate the width and length of the same." Incident to this power was that of grading and otherwise improving the streets. *Mayor &c. of Brunswick* v. *King, 91 Ga.* 522, 524 (17 S. E. 940). See also *Atlanta Railway & Power Co.* v. *Atlanta Rapid Transit Co., 113 Ga.* 481, 484 (39 S. E. 12); *Atlanta & West Point R. Co.* v. *Atlanta, Birmingham & Atlantic R. Co., 125 Ga.* 529, 545 (54 S. E. 736). In view of the testimony just quoted and the plaintiffs' averment that the defendant "changed the level or grade . . to facilitate the construction and operation of its car line," considered in connection with the charter power both of the defendant street-railway company and of the municipality, it must be presumed, nothing appearing to the contrary, that such change in grade was

necessary to a proper and reasonable exercise of the defendant's franchise, and was made by the authority of the municipality and in a proper manner. "It is to be presumed, in the absence of any allegation or evidence to the contrary, that the defendant railway company is proceeding to avail itself of the rights conferred by [its] franchise in a legal manner and in compliance with the requirements of the law." *Burrus* v. *City of Columbus,* 105 *Ga.* 42, 45 (31 S. E. 124). See also *Mauldin* v. *Southern &c. University,* 126 *Ga.* 681, 683 (55 S. E. 922, 8 Ann. Cas. 130) ; *Nicholson* v. *Spencer,* 11 *Ga.* 607, 611; 10 R. C. L. 880, 881. With respect to the effect of the allegation quoted, as an admission against the plaintiffs, see *New Zealand Fire Ins. Co.* v. *Brewer,* 29 *Ga. App.* 773 (6) (7) (116 S. E. 922).

"That which the law authorizes to be done, if done as the law authorizes it to be done, cannot be a nuisance." *Burrus* v. *City of Columbus,* supra; *Bacon* v. *Walker,* 77 *Ga.* 336. While it is true as provided in the Civil Code, § 4457, that "a nuisance is anything that worketh hurt, inconvenience, or damage to another; and the fact that the act done may otherwise be lawful does not keep it from being a nuisance," the expression "may otherwise be lawful" shows that the act complained of in so far as it causes "hurt, inconvenience, or damage to another" must be unlawful, that is, a violation of some right of the plaintiffs, in order to constitute a nuisance. *Simpson* v. *DuPont Powder Co.,* 143 *Ga.* 465 (85 S. E. 344, L. R. A. 1915E, 430). Where the act "itself is legal, it only becomes a nuisance when conducted in an *illegal* manner, to the hurt, inconvenience, or damage of another." (Italics ours.) *City of Quitman* v. *Underwood,* 148 *Ga.* 152 (96 S. E. 178). The plaintiffs, having failed to show, either in their petition or by evidence, that the act of the defendant by which they claimed to have been damaged was either in itself unlawful or that it was executed in a negligent, unskilful, or improper manner, did not establish the fact of a nuisance. *Atkinson* v. *City of Atlanta,* 81 *Ga.* 625 (7 S. E. 692). See *Bacon* v. *Walker,* supra; *Burrus* v. *City of Columbus,* supra; *Almand* v. *Atlanta Street Ry. Co.,* supra; *Brown* v. *Atlanta Railway & Power Co.,* 113 *Ga.* 462 (2) (39 S. E. 71) ; *Mayor &c. of Waycross* v. *Houk,* 113 *Ga.* 963 (39 S. E. 577) ; *Georgia R. &c. Co.* v. *Maddox,* 116 *Ga.* 64 (4) (42 S. E. 315) ; *Atlantic & Birmingham Ry. Co.* v. *McKnight,*

125 *Ga.* 328 (1), (5) (54 S. E. 148) ; *Atlanta & West Point R. Co.* v. *Atlanta, Birmingham & Atlantic R. Co.*, supra; *Athens Terminal Co.* v. *Athens Foundry & Machine Works,* 129 *Ga.* 393 (3), (4) (58 S. E. 891) ; *Central Georgia Power Co.* v. *Ham,* 139 *Ga.* 569 (77 S. E. 396) ; *Towaliga Falls Power Co.* v. *Sims,* 6 *Ga. App.* 749 (3), (4), 754 (65 S. E. 844) ; *Smith* v. *Dallas Utility Co.,* 27 *Ga. App.* 22, 25 (107 S. E. 381).

Where a nuisance exists and is of a continuing character, and is one that could and should be abated, it may give rise to a cause of action both for its creation and its maintenance, and in an action for its *maintenance* damages resulting therefrom which accrued at any time within the period of the statute of limitations may be recovered, notwithstanding the damages resulting from its *creation* may be barred by the statute of limitations. *Gabbett* v. *City of Atlanta,* 137 *Ga.* 180 (73 S. E. 372) ; and cases cited. See also *Atlantic Coast Line R. Co.* v. *Knapp,* 139 *Ga.* 422 (3) (77 S. E. 568) ; *Reid* v. *City of Atlanta,* 73 *Ga.* 523 ; *Maguire* v. *Mayor &c. of Cartersville,* 76 *Ga.* 84 ; *Athens Mfg. Co.* v. *Rucker,* 80 *Ga.* 291 (3) (4 S. E. 885) ; *Mayor &c. of Gainesville* v. *Robertson,* 25 *Ga. App.* 632 (4) (103 S. E. 853). This rule is inapplicable, however, where the act complained of does not constitute a nuisance or where the nuisance, if existing, is nonabatable. In an action to recover damages arising from the maintenance of a continuous nuisance affecting lands devoted to any specific purpose, depreciation in the market value of the property may not be the only item of damage recoverable. *Jones* v. *Royster Guano Co.,* 6 *Ga. App.* 506 (65 S. E. 361) ; *City Council of Augusta* v. *Marks,* 124 *Ga.* 365 (2) (52 S. E. 539) ; *Towaliga Falls Power Co.* v. *Sims,* supra.

But "in the case of permanent injury to the freehold, resulting from the *proper* construction and *proper* maintenance of any work of public improvement, the measure of damages is the difference in market value before and after the work was constructed and maintained. *Moore* v. *Atlanta,* 70 *Ga.* 611 ; *Smith* v. *Floyd County,* 85 *Ga.* 420 ; *City Council* v. *Schrameck,* 96 *Ga.* 426." (Italics ours.) *Langley* v. *Augusta,* 118 *Ga.* 590, 598 (45 S. E. 486, 98 Am. St. R. 483) ; *Hurt* v. *City of Atlanta,* 100 *Ga.* 274 (3), 281 (28 S. E. 65). Such was the measure of the damages in this case.

"The law of assessment for property taken or damaged for public purposes was applicable, . . and not the law of nuisance"

(*Farkas* v. *Towns,* 103 *Ga.* 150, 156 (29 S. E. 700, 68 Am. St. R. 88) ; Civil Code of 1910, § 6388) ; and when the work was done and damage resulted therefrom the plaintiff had a right of action not only for the damage which might have accrued prior to the bringing of the action for such as might accrue in the future. "The whole damage could have been assessed in one action; such action taking the place of the statutory provision in cases where property is condemned, that the whole damage shall be assessed." *Atkinson* v. *City of Atlanta,* supra.   Hence, there was no reason why the present action should not have been brought within four years after this work was done.   Such an action must be brought within the statutory period for all damages, both past and future. *Atkinson* v. *City of Atlanta,* supra; *Smith* v. *Dallas Utility Co.,* 27 *Ga. App.* 22 (107 S. E. 381) ; *Smith* v. *Central of ·Georgia Railway Co.,* 22 *Ga. App.* 572 (2), (3) (96 S. E. 570).

The attorneys for the plaintiffs in error correctly contend that under the instant petition, the cause of action is like that in *Albany* v. *Sikes,* supra.   That, however, was not a case of nuisance, but one wherein the plaintiff was entitled to recover for the diminution of the market value of land, under "that provision of the constitution which declares that private property shall not be taken or damaged for public purposes without just and adequate compensation being first paid." ˌ In the case of *Danielly* v. *Cheeves,* 94 *Ga.* 264 (21 S. E. 524), a private individual, "for the purpose of improving *his own land* and *in disregard* of the plaintiff's rights" (italics ours), diverted the natural flow of water from one stream into another stream and upon the plaintiff's land. The complaint made a case of a continuing abatable nuisance.  *Farkas* v. *Towns,* supra, was also a case where the defendant was not acting by sanction of law but was a wrong-doer, and was likewise different from that now under consideration, although in that case the statute of limitations was not involved.   Again, the present case is distinguishable from *Holmes* v. *City of Atlanta,* 113 *Ga.* 961 (39 S. E. 458), in the respects indicated therein on page 963, being controlled in principle by the *Atkinson* case referred to and distinguished in the *Holmes* case. "Public or quasi-public corporations are, so far as they exercise legitimately and in a proper manner the powers expressly or by reasonable and necessary implication conferred on them, liable in damages only for taking or dam-

aging property. The properly doing of that which the law author-izes is not a nuisance." *Towaliga Falls Power Co.* v. *Sims,* supra.

2. The only damage recoverable in this case (see *City of Albany* v. *Green,* 67 *Ga.* 386 (3)) accrued more than four years before the filing of the action, and was therefore barred by the statute of limi-tations, which the defendant pleaded. "The trial judge did not err in granting a nonsuit upon that ground, no question being raised as to the propriety of this method of taking advantage of the plea of the statute of limitations." *Poole* v. *Trimble,* supra; *Small* v. *Cohen,* supra; *Maxwell* v. *Liverpool &c. Ins. Co.,* 12 *Ga. App.* 127 (5) (76 S. E. 1036). Though this fact was not alleged in the petition (see *Ternest* v. *Georgia &c. R. Co.,* 19 *Ga. App.* 94, 90 S. E. 1040), the evidence showed that a prior suit upon the same cause of action, which accrued in December, 1913, had been filed on February 13, 1917, and dismissed on or before May 20, 1920. The present action, however, was not filed until the lapse of more than six months thereafter, namely, on January 18, 1921. It, therefore, was not saved by the pendency of the former suit, and would not have been if the former suit had been pleaded. Civil Code (1910), § 4381; *Bagley* v. *Slephens,* 80 *Ga.* 736 (6 S. E. 695). If, in view of a further allegation, not mentioned in the above statement, that the "banking and ponding of the surface water caused, after each large rain, an . . unhealthful condi-tion," it should be true that this court has incorrectly construed the *petition* as laying a case for damages against one who has proceeded lawfully under the conferred right of eminent domain, rather than as claiming damage for a *nuisance,* still there was no evidence whatever in support of this averment, and the case as made by the *evidence,* even if not as made by the petition, is determined by the rulings made above. The allegation that an "undesirable condition" was created is too general to add anything to the peti-tion.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*