## HERRINGTON *v.* ASHFORD.

1. The plaintiff, as owner of land levied on under executions for taxes assessed by the State, county, and city on returns by another person, had an adequate and complete remedy by claim, on the assumption that the property was not subject to the levies, and he did not need an injunction to prevent sales thereunder.

2. Having failed to show payment of the taxes assessed for the years 1916 and 1917 against the land levied on, by himself or by the defendant in fi. fa., or otherwise, and having made no offer to pay the amount of taxes so assessed, the plaintiff was not entitled to an injunction restraining enforcement of the fi. fas. for the benefit of the transferee thereof. The fact that the transferee declined to inform the plaintiff of the exact amount received by him for releases of other property from tax liens would not excuse the plaintiff from payment or offer to pay the taxes actually due on the property he claimed; the amount of taxes due being ascertainable from the assessments made upon the property and the rate of tax imposed by law.

3. That the levies of the executions in question were excessive did not authorize an injunction restraining a sale of the property in dispute, under the facts. ATKINSON, J., dissents.

No. 4018. MARCH 13, 1924.

Injunction. Before Judge Bell. Fulton superior court. September 13, 1923.

*Mitchell & Mitchell,* for plaintiff in error.

*Etheridge, Sams & Etheridge,* contra.

HINES, J.  Ashford filed in Fulton superior court his petition for injunction against Herrington, the city marshal of Atlanta, and the City of Atlanta, to restrain the enforcement of certain city tax fi. fas.  He made this case:  He is the owner of certain described real estate under a deed from M. A. Ross, executed on July 21, 1914.  J. O. Ross returned this property for State, county, and city taxation for the year 1916, as Nos. 291, 293, 295, 297, and 299 Spencer Street, and upon his return the same was assessed for taxation at a valuation of $3500.  His return for said year embraced eighteen other parcels of land.  Ross again returned said real estate claimed by Ashford for State, county, and city taxation for the year 1917, and the same was assessed for taxation at a valuation of $3800.  His return for 1917 likewise embraced said other eighteen parcels of land.  The City of Atlanta issued a tax execution against Ross for his 1916 taxes on all of said property, for the sum of $211.13, which included principal, interest, and cost.  In 1917 the city issued against Ross, for his 1917 taxes on all of said property, an execution for $237.10, which included principal, interest, advertisement, and cost.  The State and county issued a tax execution against Ross, for his 1916 State and county taxes on all of said property, for $125.35, including principal, interest, advertisement, and cost.  The State and county issued against Ross for his

1917 State and county taxes on all of said property an execution for $107.60, consisting of the above-stated items. These tax executions were transferred by the State, county, and City of Atlanta to Herrington in 1918, for the principal, interest, and cost due thereon. Herrington has, from time to time, released parcels of said property so returned by Ross for taxation, for value received, but the amounts so received do not appear from said releases and have not been credited on said executions. The total amount due Herrington, if said executions were liens on said real estate of petitioner, is $671.18 principal and approximately $240 interest. Herrington, according to his own statement, has received on said executions over $700; and according to the information and belief of petitioner, he has received a sum more than sufficient to satisfy said executions in full. Herrington refuses to disclose or to enter upon said executions the amounts received thereon and legally due as credits thereon. He has placed the city tax fi. fas. in the hands of the city marshal for levy and sale; and the city marshal has levied them upon said real estate of petitioner, and is advertising the same for sale on the first Tuesday in August, 1923. Herrington threatens to have the two State and county executions levied by the sheriff, unless petitioner pays him approximately $290. Said sum is not due Herrington upon said executions. The levy will result in a multiplicity of claims, illegalities, and suits, unless the court enjoins the defendants from proceeding with the above sales and from making further levies under said State and county executions. Petitioner's damage will be irreparable unless the defendants are so restrained. Herrington has caused the city executions to be levied upon Nos. 291, 293, 295, 297, and 299 Spencer Street, being five separate houses and lots, each of the value of from $1200 to $1500. The levy of these executions is therefore excessive and unfair to petitioner, and is proceeding illegally to force him to pay the same, which he alleges upon information and belief has been paid, and upon which, according to Herrington, have been paid $700. Said executions constitute a cloud upon petitioner's title. Herrington prorated the taxes claimed against other parcels of said real estate, and did agree to prorate as to the property herein involved, but has demanded twice the prorated amounts due by petitioner, who was kept in ignorance as to whether said executions

were satisfied or not, and as to what payments had been made by others. Herrington, in his offer to prorate, has demanded $105 cost on said executions from petitioner, when entire amount thereof is approximately $52.82, which has been paid, according to petitioner's information and belief. Said executions are not liens upon said real estate of petitioner, the same never having been owned by J. O. Ross. Petitioner prayed to have the enforcement of said executions enjoined, that they be decreed paid, and be ordered canceled as clouds upon his title.

All the defendants filed answers. In his answer Herrington set up that the amounts paid him by different persons for releases of property from the liens of these executions were not made as payments thereon, but solely as considerations for such releases and for certain services rendered by him in ascertaining the amounts due as taxes on the properties so released. He further alleged that Ashford had not returned for taxation and had not paid the taxes due on the property claimed by him for the years in which such tax fi. fas. had issued against Ross, the latter being in possession of and returning said property for taxation during those years. He attached to his answer as an exhibit a memorandum showing the amounts received by him for releases of property from the liens of the tax executions held by him and sought to be enjoined by Ashford. The total amount received by him for such releases was $741.56. On the hearing the parties introduced evidence tending to establish their respective allegations. It appeared that Ashford had not paid the State, county, and municipal taxes due on the property claimed by him for the years 1916 and 1917. It further appeared that the defendant in the tax fi. fas. had not paid the same. None of the releases given by Herrington embraced the property claimed by Ashford. The trial judge granted an interlocutory injunction; and to this judgment Herrington excepted and brought the case to this court.

1. On the assumption and theory that the plaintiff was seeking to enjoin the enforcement of these tax fi. fas. on the ground that he was the owner of the property and that the same was not subject to the fi. fas. issued against Ross, he had a complete and adequate remedy by claim, and consequently was not in need of an injunction to prevent the threatened sale. Civil Code (1910), § 1159; *Racine Iron Co.* v. *McCommons*, 111 *Ga.* 536 (36 S. E. 866, 51 L. R. A. 134).

2. Before the plaintiff would be entitled to an injunction to restrain the enforcement of these tax executions, it was incumbent upon him to show, at least, the payment of the proper amount of taxes assessed against the property claimed by him for the years 1916 and 1917, or he should have tendered or offered to pay such amount. The plaintiff having failed to show payment of these taxes either by the defendant in the fi. fas., by himself, or otherwise, and having made no offer to pay the same, the court erred in granting an injunction restraining the enforcement of these tax fi. fas. Civil Code (1910), § 4521; *S., F. & W. Ry.* v. *Morton,* 71 *Ga.* 24; *State* v. *Hancock,* 79 *Ga.* 801 (5 S. E. 248) ; *Wilkinson* v. *Holton,* 119 *Ga.* 557 (46 S. E. 620). The fact that the transferee of these fi. fas. declined to inform the plaintiff of the exact amount received by him for releases of other property from their liens would not excuse the plaintiff from such payment or offer to pay the taxes actually due on the property claimed by him, such amounts being easily ascertainable from the assessments made upon the property claimed by him and the rates of taxes imposed by law.

3. If the levies of these executions were excessive, this fact would not have authorized the trial judge to enjoin the sale of the property in dispute under and by virtue of said executions, under the facts.

*Judgment reversed. All the Justices concur, except Atkinson, J., who dissents from the ruling in the third headnote.*