### 17990.   CITY COUNCIL OF AUGUSTA *v.* LAMAR.

JENKINS, P. J.   1. Under the constitution of the State of Georgia, "private property shall not be taken, or damaged, for public purposes, without just and adequate compensation being first paid." Civil Code (1910), § 6388. Accordingly, if property is damaged, even by the prudent and proper exercise of a power conferred by statute, the owner is entitled to just compensation in an amount represented by the difference between the market value of the property before and after the procedure taken for public purposes. *Mayor &c. of Albany* v. *Sikes,* 94 *Ga.* 30 (20 S. E. 257, 26 L. R. A. 653, 47 Am. St. R. 132); *Sheppard* v. *Ga. Ry. & Power Co.,* 31 *Ga. App.* 653 (121 S. E. 868); *Mayor &c. of Macon* v. *Daley,* 2 *Ga. App.* 355 (58 S. E. 540).

2. In such a case,—that is, where the public authorities properly erect and properly maintain the improvements authorized by law,—an action in tort is not maintainable by the owner of damaged property on the theory that the act of the public authority amounts to the maintenance of a continuing, abatable nuisance, such as would authorize periodical recoveries for subsequently accruing consequential damages, since "that which the law authorizes to be done, if done as the law authorizes it to be done, can not be a nuisance." *Burrus* v. *Columbus,* 105 *Ga.* 42, 46 (31 S. E. 124); *Bacon* v. *Walker,* 77 *Ga.* 336; *Farkas* v. *Towns,* 103 *Ga.* 150, 156 (29 S. E. 700, 68 Am. St. R. 88); *Towaliga Falls Power Co.* v. *Sims,* 6 *Ga. App.* 749, 754 (65 S. E. 844); *Sheppard* v. *Ga. Ry. & Power Co.,* supra. In such a case the only right of action maintainable is that conferred by the quoted provision of the constitution. It does not sound in tort, and the recovery permitted is strictly limited to the direct damage inflicted by diminishing the market value of the property damaged, as measured by the difference in its market value before and immediately after the construction of the public works, excluding all consequential damages subsequently accruing, such as might be recoverable in an action sounding in tort, based on the maintenance of a continuing, abatable nuisance.

3. "While, as a general rule, allegations of fact are to be construed most

---

Damages, 17 C. J. p. 711, n. 35; p. 1000, n. 59.

Eminent Domain, 20 C. J. p. 643, n. 84; p. 666, n. 2; p. 672, n. 20; p. 1152, n. 13; p. 1162, n. 22; p. 1190, n. 65; p. 1191, n. 85; p. 1192, n. 89; p. 1199, n. 35; p. 1209, n. 45; 47 New.

Nuisances, 29 Cyc. p. 1160, n. 54.

Pleading, 31 Cyc. p. 78, n. 95; p. 84, n. 28; p. 289, n. 60; p. 291, n. 71; p. 322, n. 17.

strongly against the pleader, yet, in the absence of special demurrer, where the facts alleged in a petition are such as would be proper and adequate to support one form of action, but inadequate, although appropriate, to another form of action, and where the petition is ambiguous to the extent that the pleader's intention is not clearly manifest as to which form of action is relied upon, the courts in such a case, in endeavoring to ascertain the plaintiff's intention, will prima facie presume that his purpose was to serve his best interest, and will construe the pleadings so as to uphold and not to defeat the action." *Stoddard* v. *Campbell*, 27 *Ga. App.* 363 (3) (108 S. E. 311).

4. In accordance with the rule just stated, the present petition will not be construed as an unauthorized attempt to recover subsequently accruing consequential damages on account of the maintenance of a continuing, abatable nuisance, but will be construed as an action to recover just and adequate compensation on account of property having been damaged for public purposes, in furtherance of an enterprise authorized by law. Such damages, under the facts stated, the plaintiff is entitled to set up and to recover upon proving his case as laid, provided the defendant does not invoke and sustain a bar by the statute of limitations.

5. A petition which sets forth a cause of action, including a claim for damages such as would properly flow to the petitioner under the case as laid, but which states a wrong method or measure by which the amount of such damages is arrived at, is subject to special demurrer, but not to a mere general demurrer, since it is permissible, on the trial of the case, to prove the proper damages alleged and to measure them according to the true and correct method. *Ford* v. *Fargason*, 120 *Ga.* 708 (6) (48 S. E. 180); *Bank of Bullochville* v. *Riehle*, 36 *Ga. App.* 470, 474, (137 S. E. 642).

6. The nature and character of the damages to which a plaintiff is entitled under his cause of action as laid, and the method or measure to be employed in assessing their amount, are not, however, synonymous terms. Thus, in a case like the instant one, where any recovery authorized is limited to *direct* damages, that is, damages such as "follow immediately upon the act done" (Civil Code of 1910, § 4508), and which are to be measured by the difference between the market value of the property before and immediately after the construction of the public works, a recovery can not be had under a petition which makes no claim for damages of such character, but limits the nature and basis of the recovery sought to subsequently accruing *consequential* damages, arising through the intervention of other agencies and measured by the value of specified portions of certain real and personal property later destroyed by reason of the joint operation of defendant's prior erection of the public works and such intervening agency. Civil Code of 1910, § 4508. He can not, in the absence of any immediate diminution in the market value of his property, await the results of time and tide, and then sue on a certainty for some particular subsequent damage to some particular personal property or some portion of the realty, wrought by some particular flood or storm. Such would be a plaintiff's right in an action for damages caused by

a continuing, abatable nuisance, but not here. In the instant case it is not a mere erroneous statement of the measure by which the amount of property damage is to be determined, but the trouble lies in the fact that in such a suit damages of the nature and character sought, however they might be measured, are not recoverable at all. Since the plaintiff, in the only sort of action he is permitted to employ, is not entitled to recover nominal damages, as is ordinarily his right in action for a tort or in suits for the breach of a contract (*Twin City Lumber Co.* v. *Daniels*, 22 *Ga. App.* 578, 587 (4), 96 S. E. 437), and since he is not entitled to the consequential damages for the recovery of which his petition is limited (*Wright* v. *Smith*, 128 *Ga.* 432 (3), 57 S. E. 684), he can not recover at all under the petition as brought. In order to set forth a cause of action of this character, not only must the erection of a public work be shown, but it must be indicated that such legally authorized construction has actually resulted in direct damage to the plaintiff's property by diminishing its market value.

7. The special demurrers do not raise the question whether the nature and character of the subsequently accruing consequential damages actually sought to be recovered are such as relate and pertain to a cause of action different in character to the only sort of action which it is permissible for the plaintiff to maintain. The general demurrer is, however, sufficient to raise the question whether, admitting all the allegations of the petition to be true, the plaintiff is entitled to recover any of the damages actually sought, however the amount thereof might be measured. Accordingly, the court was correct in overruling the special demurrers, but erred in failing to sustain the general demurrer to the petition as it now stands. The question is not before this court for determination as to whether or not the plaintiff would be entitled to amend his petition as brought by setting up that the action of the public authorities depreciated the market value of his property, and claiming proper damages therefor. *Wolfe* v. *Georgia Ry. & El. Co.*, 6 *Ga. App.* 410, 412 (65 S. E. 62); Civil Code (1910), §§ 5681, 5682; *Charleston &c. Ry. Co.* v. *Miller*, 115 *Ga.* 92 (41 S. E. 252); *Rowland* v. *Kell Co.*, 27 *Ga. App.* 107 (107 S. E. 602).

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED NOVEMBER 19, 1927.

Damages; from Richmond superior court—Judge A. L. Franklin. January 1, 1927.

STATEMENT OF FACTS BY JENKINS, P. J.

Lamar sued the City Council of Augusta for the value of certain gathered crops and a building, located on an island owned by him, in the Savannah river, near to and above the City of Augusta, which he alleges were inundated and destroyed by flood waters of the river. He alleges that the City of Augusta constructed a levee along the banks of the river, near to and below the island, in order to prevent the overflow of the river at flood

stage into the city; that the levee serves to confine the river, in flood stage, within narrow limits and prevents the waters from expanding out over the banks, resulting in the increase of the natural level of the water; that about January 15, 1925, and for about a week thereafter, the waters of the river reached an abnormal height, due to continuous and excessive rains, and by reason of being thus constricted by the levee built by the city, with the result that the island was completely inundated, and that the crops and building, the value of which are sued for, were washed away and destroyed, damaging the plaintiff in the sum of $4250, of which $1000 is represented by the value of the building, and $3250 by the value of the gathered crops. The city filed a general and special demurrer, setting forth that the levee was built by the city in pursuance of an act of the General Assembly of 1909; that there was no legal duty upon the city to protect the island belonging to the plaintiff, and no allegation that the city was negligent in constructing the levee, or that the alleged damage to the plaintiff's property resulted from any negligence of the city in the construction or maintenance of the levee; that the city, in building and maintaining the levee, was engaged in a governmental function, and is not liable except when such functions are exercised negligently; that the damages set forth are too remote and consequential to be the subject-matter of a recovery; that the petition shows that the proximate cause of the destruction of the plaintiff's property was the unprecedented rainfall, for which the city is in no way liable. There is no demurrer to the failure of the petition to set forth the date when the levee was constructed. The court overruled the demurrers, and the defendant excepted.

*Archibald Blackshear,* for plaintiff in error.

*Rodney S. Cohen,* contra.