WILSON *v.* CITY OF EATONTON *et al.*

No. 10515. MAY 17, 1935.

R. C. *Jenkins* and D. D. *Veal,* for plaintiff.
R. C. *Whitman,* for defendants.

BELL, Justice. What purported to be a tax execution was is-

sued by the City of Eatonton, and was levied on real estate. Mrs. Wilson filed a suit for injunction to prevent further enforcement of the execution, and for other relief. It appears from the petition that the execution is wholly void for reasons indicated in the first headnote above, but that it has nevertheless been levied upon real estate in which Mrs. Wilson has an interest. She, of course, is not the defendant in the execution. The petition alleges several distinct grounds upon which the plaintiff claims the right to an injunction. The court sustained a general demurrer and dismissed the petition, upon the ground that the plaintiff had an adequate remedy at law. Under the rulings stated in the headnotes, it is apparent that the petition stated a cause of action for the grant of an injunction to prevent enforcement of a void execution against the plaintiff's property, and it is unnecessary to pass upon the other grounds on which the plaintiff claimed to be entitled to the equitable relief sought. *Carolina Construction Co.* v. *Branch,* 164 *Ga.* 837 (3 *a*) (139 S. E. 676) ; *Hines* v. *Wilson,* 164 *Ga.* 888 (139 S. E. 802).

Only the third headnote requires elaboration. In *Herrington* v. *Ashford,* 157 *Ga.* 810 (2) (122 S. E. 197), it was held that the owner of land levied on under executions for taxes assessed by the State, county, and city, on returns made by another person, had an adequate remedy by claim, and did not need an injunction to prevent sales thereunder. The decision did not state whether the charter of the City of Atlanta contained any provision for the filing of a claim in such a case, the municipal tax fi. fa. there involved having been issued by that city. In *Dodson Co.* v. *Upham,* supra, it was pointed out that the charter of the City of Atlanta does not contain such a provision, and that injunction would lie in such a case. The decision in *Herrington* v. *Ashford,* supra, however, was concurred in by all the Justices, and, being older than that in the *Dodson* case, would control unless it is in conflict with an earlier decision or decisions. Whether or not that is true will now be considered. We will first mention the fact that the ruling made in the *Herrington* case was based upon the following authorities: Civil Code (1910), § 1159; *Racine Iron Co.* v. *McCommons,* 111 *Ga.* 536 (36 S. E. 866, 51 L. R. A. 134). Section 1159 of the Code of 1910 is as follows: "When property is levied on under a tax fi. fa. issued either by the comptroller-general or tax-

collector, it may be claimed by a third person and tried in the same manner as other claims are, except that the claimant shall give a bond and security for the· eventual condemnation-money, and if found subject, such claimant and his sureties shall be in all respects liable as on appeal bond." Clearly this section makes no provision for the filing of a claim in case of a levy of a city tax execution. It refers exclusively to State and county taxes. The case of *Racine Iron Co.* v. *McCommons,* supra, had no reference to city taxes, but dealt only with State and county taxes. Thus, the authorities cited in the *Herrington* case did not support the conclusion reached, so far as it applied to the municipal tax execution. We will now examine the statutes and decisions existing prior to the decision in that case. Section 102-109 of the Code of 1933 provides: "The State is not bound by the passage of a law unless named therein, or unless the words of the act should be so plain, clear, and unmistakable as to leave no doubt as to the intention of the legislature." Section 39-801 provides that "When any sheriff or other officer shall levy an execution or other process on property claimed by a third person not a party to such execution, such person, his agent or attorney, may make oath to such property."

In *Lingo* v. *Harris,* 73 *Ga.* 28, it was stated that "no one ever supposed" that this law "extended to property levied on by tax execution;" and with reference to the act of 1870, providing for the filing of claims on pauper affidavits (Ga. L. 1870, p. 411; Civil Code (1910), § 5164; Code of 1933, § 30-807), the court in the same decision said: "Can it be that the legislature intended, by the use of the words 'claim cases,' to include cases of claims under levies by tax executions? It is not probable. It has been shown that there is a wide distinction between the liability of· claimants and their sureties in cases of claims to property levied on by executions issued on judgments at law and claims to property levied on by tax execution. It is to be presumed that the legislature was cognizant of this difference when it enacted the law of 1870. It would be somewhat rash to presume that the legislature intended, by the use of the words 'claim cases,' to include claim cases which arose from levies of tax executions. .Especially would this be so, when the consequence of such a construction might lead to the embarrassment of the State's operations, the postponement of the collec-

tion of taxes, and the evil consequence growing out of the same. It is a general rule that the State is not bound by the passage of a law, unless named therein, or the words of the act should be so plain, clear, and unmistakable as to leave no doubt as to the intention of the legislature. Where there is doubt, it will be resolved in favor of the public. 20 Wallace, 251; 92 U. S. 618. This rule of construction comes down to us from our English ancestors, and we recognize it as sound, and the policy which originally dictated it lives and is in force to-day, and is rendered manifest from the act of 1870. But it is insisted that the execution in the present case was issued by a municipal corporation, and is not to be considered as an execution issued by a State officer. This position is equally untenable. Municipal corporations, counties, towns, etc., are political divisions of the State, and they exercise a part of the sovereignty of the State for the good of the people." See also *Mayor &c. of Brunswick* v. *King,* 91 *Ga.* 522, 524 (17 S. E. 940). Sections 1159 and 1160 of the Code of 1910 (Code of 1933, § 92-7801) provide for the filing of a claim on prescribed terms where property is levied on for taxes due the State or any county thereof, the reference in the Code of 1910 being to tax fi. fas. "issued either by the comptroller-general or the tax-collector." The intimation in the *Lingo* case that property levied on under a municipal tax execution might be claimed under this provision was manifestly mere dictum, and was contrary to the rulings made upon the questions presented. This provision is limited by its terms to State and county taxes, and can not rightly be construed as applying to municipal tax executions.

From what has been said it must be held that no provision for the filing of a claim to property levied on under a city-tax execution is contained in the general law; and that before such a claim can be recognized, provision therefor must have been made in the charter of the municipality concerned. Cf. *Vanduzer* v. *Irwin,* 138 *Ga.* 524 (75 S. E. 649); *Social Circle Cotton Mill Co.* v. *Social Circle,* 163 *Ga.* 465 (2) (136 S. E. 432). The charter of the City of Eatonton, like that of the City of Atlanta, does not provide for such remedy. The Civil Code of 1910, § 1163, provides: "No replevin shall lie, nor any judicial interference be had, in any levy or distress for taxes under the provisions of this Code, but the party injured shall be left to his proper remedy in

any court of law having jurisdiction thereof." This provision was taken from an act of the General Assembly passed in 1804. In *Vanover* v. *Davis,* 27 *Ga.* 354, 357, it was held that this law was not intended to apply in favor of counties or municipal corporations. To the same effect, see *White* v. *State,* 51 *Ga.* 252; *Herrington* v. *Tolbert,* 110 *Ga.* 528, 532 (35 S. E. 687); *City of Atlanta* v. *Jacobs,* 125 *Ga.* 523 (2) (54 S. E. 534). In deciding the case of *Herrington* v. *Ashford,* supra, the statutes and decisions mentioned above were overlooked, and the older decisions must control. The decision in *Dodson Co.* v. *Upham,* supra, is in accord with the statutes and older decisions, and should be followed in the instant case in preference to *Herrington* v. *Ashford,* which on formal review is hereby overruled so far as it relates to the question here under consideration. See, in this connection, Code of 1933, § 6-1611; *Calhoun* v. *Cawley,* 104 *Ga.* 335 (30 S. E. 773). We conclude that under the allegations contained in the petition the plaintiff did not have an adequate remedy at law by claim or otherwise. The petition stated a cause of action for injunction, and it was error to dismiss the same on general demurrer.

A motion to dismiss the writ of error was made upon the ground that the case has become moot by a voluntary dismissal of the levy after the bill of exceptions was sued out; but the response to this motion raised an issue of fact as to the dismissal of the levy. It not appearing without dispute that the case is moot, the writ of error will not be dismissed. *Tuells* v. *Torras,* 113 *Ga.* 691 (39 S. E. 455). *Judgment reversed. All the Justices concur.*