BACON *et al. vs.* WALKER *et al.*, commissioners.

The county commissioners of Chatham county are clothed with the powers that formerly appertained to the office of ordinary, including the power to erect and repair public buildings. At the instance of tax-payers, the superior court may review the conduct of the commissioners either in failing to comply with sections 496, 497, 499, 502 of the code, or levying an exorbitant or unnecessary tax. Even if a tax had been levied, unless it were exhorbitant or unnecessary, the superior court could not review their action so as to set aside their judgment, unless the discretion given them by law had been abused. But where no tax is necessary, and the money required can be raised without any tax, and the election to determine on the issue of bonds has been withdrawn, discretion as to the necessity for the jail and the reasonableness of its erection is vested in the commissioners, and there being no fraud or irreparable injury or abuse of discretion, a refusal to control that discretion by injunction will not be reversed.

(*a.*) Nothing that is legal in its erection can be a nuisance *per se.* Much less can that which public necessity demands, such as a jail, be so. Nor will the courts indulge in conjecture that the manner in which the jail will be conducted will prove a nuisance, and upon such imaginary fear or uncertain apprehension of speculative or contingent injuries, stop the erection of such a public necessity.

(*b.*) The provision of the constitution, embodied in section 5024 of the code, that private property shall not be taken or damaged for public purposes without compensation being first paid, does not authorize a court of equity to enjoin the erection of a county jail on the ground of apprehended injury to persons living in the neighborhood.

(*c.*) There was nothing illegal in the city of Savannah's passing title to the old jail lot to the county commissioners for the purpose of assisting in the expense of the new building, this being done under an ordinance and upon the consideration that the city prisoners should be maintained therein, as had been done before.

November 23, 1886.

County Matters. Chatham County. Jails. Nuisance. Constitutional Law. Municipal Corporations. Savannah. Before Judge ADAMS. Chatham Superior Court. March Term, 1886.

Reported in the decision.

GARRARD & MELDRIM, for plaintiff in error.

LAWTON & CUNNINGHAM; P. J. O'CONNOR, for defendants.

JACKSON, Chief Justice.

This bill was brought to restrain the county commissioners of Chatham county from erecting a new jail in the city of Savannah near the residences of the complainants. Afterwards the bill was amended so as to ask that the city be also enjoined from transferring to the said commissioners the title to the real estate on which the present jail is built, and its surrounding territory, embracing all that jail lot, to assist in the expense of the new building.

The judge refused the injunction and afterwards dismissed the bill. The latter judgment is assigned as erroneous.

In our judgment, there is no equity in the bill. The county commissioners are clothed with the powers that formerly appertained to the office of ordinary. Acts of 1873, p. 236.

Before that act, the ordinary had power to erect and repair public buildings. Code, §§496, 497, 499, 502.

At the instance of tax-payers, the superior court may review the conduct of the commissioners either in failing to comply with sections 496, 497, 499, 502, or levying an exorbitant or unnecessary tax. Code, §503.

Even if a tax had been levied in the present case, unless it was exorbitant or unnecessary, the superior court could not review their actions so as to set aside their judgment, unless the discretion given them by law had been thus abused; but we understand that, by reason of the arrangement with the city, no tax is necessary; and hence the withdrawal of the election to determine on the issue of bonds under the local act of 1882–3, p. 671, and money necessary will be raised without any tax. So that all the superior court can review is the necessity of the jail and the reasonableness of its erection. Of course about such matters the discretion is with the commissioners, and we see no fraud or irreparable injury or abuse of discretion

v 77-22

in their conduct. High on Injunctions, §797; 1 Dillon Mun. Corp. §58–59.

It is true that nobody would be pleased at the erection of a jail in the vicinity of his residence, but it must be built somewhere. It is a public necessity. It is authorized by law. In no sense, or rather in no legal sense, is it a nuisance. Nothing that is legal in its erection can be a nuisance *per se;* much less can that which public necessity demands be one. Possibly the manner of its being kept might become so, but the courts will not indulge in conjectures or imaginary fear or uncertain apprehension, and upon such ideas or imaginations stop a public necessity from being built. Even a thing that tends to public convenience, such as a livery-stable, equity will not restrain in the course of erection, unless the evil be not merely probable but certain and inevitable. *Harrison vs. Brooks*, 20 *Ga.* 537. How much stronger is the case of a jail, an absolute necessity, and which must be built in some part of the city and near to somebody's house.

Mere allegations of speculative and contingent injuries will not authorize an injunction; there must be something to show that the injuries will result from the erection even of a private stable. *Rounsaville vs. Kohlheim*, 68 *Ga.* 668.*

Nor do we think that the provision of the constitution of 1877, code, §5024, aids the complainants. It is that private property shall not be taken or damaged for public purposes without compensation being first paid. In *Moore vs. The City of Atlanta*, 70 *Ga.* 611, it was held that grading the street and ruining the shade trees on the sidewalk in front of the residence, whilst it might give a right of action at law for damages, would not authorize equity to restrain such a public work as the grading of the streets of a city; if not, even conceding that the erection of a jail on the land of the county, and thereby lessening the value and working inconvenience to the neighboring

*On public works and lawful business as a nuisance, see 75 Am. Dec. 661, 664; 80 *Id.* 638; 73 *Id.* 115; 67 *Id.* 665; 44 Am. R. 19 ; 33 *Id.* 133.

residents, might give the right of action at law, how can equity stop such a public necessity as the building of a public jail? But this is not such a case as would be the grade of streets and damage from it. The streets, it is true, are under the government of the city, but all living upon them are interested in them for thoroughfares; and the mode in which they are graded concerns all upon the street. The street is not the absolute property of a city, like the lot belonging to the county on which a jail is erected is the county's absolute property; and the incidental damage done by its erection to the taste or sensibility of the residents around is too uncertain and remote to be considered damage, in the sense of the constitution. It is in connection with taking private property that damaging it is used in the constitution. Streets are opened over private property, but the land must be paid for; so if, in opening or grading, it does damage, it must be paid. A jail built on the county's own land, located off the street like all residence houses, hardly stands on the same footing; but if it did, the case, *Moore vs. The City of Atlanta, supra,* is in point that injunction is not the remedy; and equity will not stop the public works because of such damage.

Nor do we see anything wrong in the city's passing her title for sale to the old jail lot. She did so by ordinance, and upon the consideration that the city prisoners would be maintained therein, as had been done before. This was done years ago in ceding or using this lot for a jail before the old jail was built; and the late ordinance allowing its sale is rather confirmatory of that first action. Besides, Savannah is the mainstay of Chatham county in numbers and taxable ability; and to save Chatham from taxation is to save Savannah from the bulk of it. It is difficult to see to what better purpose the old jail lot could be appropriated in the interest of Savannah's tax-payers, than to use its proceeds for the purpose of building a new jail. To select another in the place of the old site for the jail

is with the commissioners and in their discretion.    Code, §4857; Acts of 1834, p. 246; Wilson's Dig. Ord. Sav., p. 220; Acts 1874, p. 386; Acts of 1882, 1883, p. 393; Acts of 1855–6, p. 483.

Judgment affirmed.