20472.  MacDOUGALD CONSTRUCTION COMPANY *v.* BASS CANNING COMPANY *et al.*
20500.  MAYOR AND ALDERMEN OF MILLEDGEVILLE *v.* BASS CANNING COMPANY *et al.*

DECIDED JANUARY 19, 1931.

*Spalding, MacDougald & Sibley, Sibley & Sibley,* for MacDougald Construction Co.

*Hines & Carpenter,* for Mayor &c. of Milledgeville.

*Sam H. Wiley, Frank W. Bell,* for Bass Canning Co. et al.

JENKINS, P. J. This suit was against the City of Milledgeville and a construction company for damage to personal property of the plaintiff in their warehouse, resulting from the inundation of the ground floor of the building by surface water from the streets.

It was alleged: that between the street and the sidewalk there had been a surface-drain ditch, which drained into a perpendicular sewer; that in 1928 the city contracted with the construction company to pave the street in question, and construct necessary storm-sewers, catch-basins, and manholes in accordance with plans furnished by the city; that the construction company did such construction work in accordance with the plans adopted by the city, and in so doing built up the sewer into which the surface water from the street had theretofore drained so as to raise the mouth of the sewer about four feet, converting the open perpendicular drain sewer into a closed manhole, and leaving no opening into which the surface water accumulating on the street could drain. It was alleged that plaintiff protested to the construction company's foreman and the city's engineer as to the manner of constructing the sewer, and they promised to correct the defect so as to make provision for draining the surface water, but failed to do so, and that thereafter a hard rain caused surface water to overflow the sidewalk and run into plaintiff's building, resulting in the damages sought to be recovered. The petition was in three counts. Count 1 alleged that the diversion of the surface water and causing it to pond in the storage room of plaintiff by closing the drain sewer constituted a nuisance; the second count alleged that the defendants were negligent in raising the height of the perpendicular sewer into which the surface water had theretofore drained, without providing openings in the added portion sufficient to allow the water accumulating in the drain ditch to escape through the sewer; the third count sought a recovery on the theory that the acts of the defendants amounted to a taking and damaging of private property for public purposes, without just and adequate compensation. The court sustained a demurrer to the third count, and overruled separate demurrers interposed by the city and the construction company to the first and second counts, and the defendants except, in separate bills of exceptions, to the rulings on the first and second counts.

1. "The officers in charge of the affairs of a municipal corporation may select places for the construction of a system of sewerage and drainage, and adopt a plan for such construction, without rendering the city liable in damages for injuries resulting from such selection and from the proper construction of the system."

*Langley* v. *Augusta,* 118 *Ga.* 590, 598 (45 S. E. 486). Thus, it is the general rule that in determining when, where, and of what size and at what levels drains or sewers shall be built the municipal authorities are in the performance of duties of a quasi-judicial nature, involving the exercise of deliberate judgment and wide discretion; and the municipality is not liable for an error of judgment on the part of the authorities in locating or planning such improvements. It is, however, well settled that upon the adoption of a plan of drainage or sewerage by the authorities of a city, the manner in which such plan is executed becomes a mere ministerial duty, and the municipality will be responsible for any negligence in the execution, construction, or maintenance of the work, whereby injury is inflicted upon a private right. Thus, if, in carrying out the plan adopted by the municipal authorities, its officers or servants are guilty of some act of negligence which results in damage to a third person, the municipality will be liable, since such officers are engaged in the performance of mere ministerial duties; but if the work is executed with ordinary care and in accordance with the plan adopted, even though the plan itself may be a negligent one, no liability arises against the municipality for damage resulting from construction properly done in accordance with the plan adopted. See, in this connection, *City of Atlanta* v. *Trussell,* 21 *Ga. App.* 340, 343, 344 (94 S. E. 649).

2. In the instant case the allegations of the petition fail to show any act of negligence done by the servants of the city or by its contractor in the construction of the system of drainage, but it affirmatively appears that the work was done in accordance with the plans and specifications adopted by the municipal authorities, and that the damage to the plaintiffs resulted from the fact that the plan itself was improper in that it did not provide for an opening in the perpendicular sewer to carry off the surface water falling in the street. In these circumstances there was no cause of action stated as against the city or the contractor on account of negligence, and the court should have sustained the demurrers to the second count of the petition.

3. "That which the law authorizes to be done, if done as the law authorizes it to be done, can not be a nuisance." *Burrus* v. *Columbus,* 105 *Ga.* 42 (31 S. E. 124); *City Council of Augusta* v. *Lamar,* 37 *Ga. App.* 418 (140 S. E. 763), and cases cited.

Accordingly, the construction of the system of drainage in accordance with the plans and specifications which the municipal authorities were authorized to adopt, did not constitute a nuisance such as would give rise to an action in tort for damages resulting therefrom, and the court erred in not sustaining the demurrers to the first count of the petition.

4. Since the court dismissed the third count of the petition on demurrer, and no exception is taken to that ruling, it is unnecessary to determine what right of action, if any, may have accrued to the plaintiffs under the provision of the constitution of the State of Georgia that "private property shall not be taken, or damaged, for public purposes, without just and adequate compensation being first paid."

*Judgment reversed in both cases. Stephens and Bell, JJ., concur.*