27510. SOUTHLAND COFFEE CO. *v.* CITY OF MACON.

DECIDED JUNE 1, 1939. REHEARING DENIED JULY 6, 1939.

256

*Harris, Harris, Russell & Weaver,* for plaintiff.

*E. W. Maynard, J. Ellsworth Hall Jr.,* for defendant.

SUTTON, J. ■ The present action is one in which the plaintiff seeks to recover as for a continuing, abatable nuisance maintained by the City of Macon. It appears from the evidence that in 1925 the defendant, through expert engineers, redesigned and rebuilt the sewerage system serving the Poplar Street drainage area in the City of Macon; and it is not contended that as reconstructed at that time the system was inadequate. The gist of the complaint is that since then it has become inadequate to the extent that it now constitutes an actionable nuisance, and while being so maintained has damaged the plaintiff by reason of the fact that it could not properly dispose of a volume of water which was precipitated by a rainfall which in July, 1936, caused such a flooding that the accumulated water flowed into the premises of the plaintiff and damaged its merchandise in the amount sued for. It is contended that the plaintiff's right to recover is independent of any negligence of the city; that the mere fact of a "nuisance" gives it a right of action. While the motion for new trial contains the general grounds, in addition to several special grounds, it is apparently conceded that except for alleged errors of the trial court in charging the jury in respect to negligence of the defendant being an element in the right to recover, and the admission of certain testimony over objection of the plaintiff, the verdict in favor of the defendant was authorized. The general grounds are not argued or insisted on, and accordingly they must be treated as abandoned, the only issues being, as stated by counsel for the plaintiff: "1. Error in the charge of the trial court on the doctrine of nuisance. 2. Errors in the admission of testimony." These issues are raised only in the special grounds of the motion for new trial, and our investigation is narrowed accordingly.

It is undisputed that the City of Macon had the right under its charter to provide for or reconstruct its sewerage system. But it is never to be presumed that the law intended that the right to construct and maintain a system of drainage carries with it the right to construct or maintain it in such a way as to endanger the health or life of another. This principle of law is set forth in *Holmes* v. *Atlanta,* 113 *Ga.* 961 (39 S. E. 458); *Mayor &c. of Waycross* v. *Houk,* 113 *Ga.* 963 (39 S. E. 577); *Langley* v. *Augusta,*

118 *Ga.* 590 (45 S. E. 486, 98 Am. St. R. 133) ; *Bass Co.* v. *Mac-Dougald Co.,* 174 *Ga.* 222 (162 S. E. 687) ; *Thrasher* v. *Atlanta,* 178 *Ga.* 514 (173 S. E. 817, 99 A. L. R. 158) ; *Towaliga Falls Co.* v. *Sims,* 6 *Ga. App.* 749 (65 S. E. 844) ; *Lewis* v. *Moultrie,* 27 *Ga. App.* 757 (110 S. E. 625) ; *Bainbridge Co.* v. *Ivey,* 38 *Ga. App.* 586 (144 S. E. 825) ; *City of Atlanta* v. *Due,* 42 *Ga. App.* 797, 805 (157 S. E. 256). Accordingly, where health or life is endangered, no question of negligence is involved in an action to recover for the creation or maintenance of a nuisance. But it is not claimed that the sewerage system injuriously affected the health or life of any one. "That which the law authorizes to be done, if done as the law authorizes it to be done, can not. be a nuisance." *Bacon* v. *Walker,* 77 *Ga.* 336 ; *Burrus* v. *Columbus,* 105 *Ga.* 42, 46 (31 S. E. 124) ; *Towaliga Falls Power Co.* v. *Sims,* supra; *Mac-Dougald Construction Co.* v. *Bass Canning Co.,* 42 *Ga. App.* 533, 535 (156 S. E. 628) ; *Southern Railway Co.* v. *Leonard,* 58 *Ga. App.* 574, 582 (199 S. E. 433). "While it is true, as provided in the Civil Code, § 4457 [Code of 1933, § 72-101], that 'a nuisance is anything that worketh hurt, inconvenience, or damage to another; and the fact that the act done may otherwise be lawful does not keep it from being a nuisance,' the expression 'may otherwise be lawful' shows that the act complained of in so far as it causes 'hurt, inconvenience,. or damage to another' must be unlawful, that is, a violation of some right of the plaintiffs, in order to constitute a nuisance." *Sheppard* v. *Georgia Railway &c. Co.,* 31 *Ga. App.* 653, 656 (121 S. E. 868). "Section 4457 of the Civil Code [Code of 1933, § 72-101], in defining a nuisance, and in saying that the lawfulness of the act does not keep it from being a nuisance, does not mean that an act may amount to a nuisance where it is authorized by law *and then is executed* in accordance with the judgment or conclusion reached by the municipal authorities in the exercise of the governmental function; but the true interpretation of this section is that an act which the law authorizes to be done may result in an actionable nuisance only where there is negligence or error in the *execution* of the plans and specifications adopted or prescribed by the governing authority." (Citing.) *City of Atlanta* v. *Due,* supra. Similarly, where the act itself is legal, "it only becomes a nuisance when conducted in an *illegal* manner to the hurt, inconvenience, or damage of another." (Italics

ours.) *City of Quitman* v. *Underwood*, 148 *Ga.* 152 (96 S. E. 178); *Simpson* v. *DuPont Powder Co.*, 143 *Ga.* 465, 467 (85 S. E. 344, L. R. A. 1915E, 430); *Warren Co.* v. *Dickson*, 185 *Ga.* 481, 484 (195 S. E. 568); *Sheppard* v. *Georgia Railway &c. Co.*, supra.

The present action is not based on the constitutional provision that "private property shall not be taken, or damaged, for public purposes, without just and adequate compensation being first paid" (Code, § 2-301); and furthermore, the damage claimed does not relate to realty. Under the constitutional provision, "where the public authorities *properly erect and properly* maintain the improvements authorized by law, an action in tort is not maintainable by the owner of damaged property on the theory that the act of the public authority amounts to the maintenance of a continuing, abatable nuisance, such as would authorize periodical recoveries for subsequently accruing consequential damages, since 'that which the law authorizes to be done, if done as the law authorizes it to be done, can not be a nuisance.' [Citing.] In such a case the only right of action maintainable is that conferred by the quoted provision of the constitution. It does not sound in tort, and the recovery permitted is strictly limited to the direct damage inflicted by diminishing the market value of the property damaged, as measured by the difference in its market value before and immediately after the construction of the public works, *excluding all consequential damages subsequently accruing, such as might be recoverable in an action sounding in tort, based on the maintenance of a continuing, abatable nuisance.*" (Italics ours.) *City Council of Augusta* v. *Lamar*, 37 *Ga. App.* 418 (140 S. E. 763). See also *Felton* v. *State Highway Board*, 51 *Ga. App.* 930, 932 (181 S. E. 506); *Warren* v. *Georgia Power Co.*, 58 *Ga. App.* 9, 12 (197 S. E. 338). Thus, it is to be deduced from the foregoing authorities, that an action may be brought under the constitutional provision for the mere taking or damaging of real property without just and adequate compensation being first paid; that an action sounding in tort may be brought against a municipal corporation for the creation or maintenance of a nuisance, without reference to any question of negligence, where danger to health or life is involved; and that an action sounding in tort may be brought against a municipal corporation for the creation or maintenance of a nuisance where the defendant is negligent, even though the act was authorized to be done.

Reverting to the present case, it is specifically alleged in the first four grounds of the motion for new trial, which may·be considered together, that the court erred in charging the jury as follows: (a) "I charge you that the plaintiff can not recover in this case if you believe that the City of Macon has exercised ordinary care and diligence in the maintenance of the sewer system here involved. But if you believe that the City of Macon has not exercised ordinary care and diligence in the maintenance of the storm-sewer system here involved, and that as a proximate result of such failure on the part of the City of Macon to exercise ordinary care and diligence the plaintiff was damaged as it alleges, you would· be authorized to find for the plaintiff." (b) "I charge you further that a municipality, in the maintenance of a storm-sewer system such as is here involved, can.not be said to maintain a nuisance unless it is guilty of ordinary neglect in failing to take such steps to remedy the situation complained of after the need for such steps is apparent, or should be apparent in the exercise of ordinary care and diligence; but if you believe that a municipality, in the maintenance of a storm-sewer system such as is here involved, is guilty of ordinary neglect in failing to take such steps to remedy a situation such as the one of which complaint is made in the petition as amended, after the need for such steps is apparent, or should be apparent in the exercise of ordinary care and diligence, it may be said that a nuisance is being maintained." It is contended that the vice of charge (a) is that it makes negligence an essential element of the creation or maintenance of a nuisance, and that charge (b) states in effect that one maintaining a nuisance is relieved from damages flowing therefrom provided reasonable care and diligence are used to abate the nuisance. Under the authorities above shown, and where it is not contended that there was danger to health or life, and the case is one sounding in tort and is not based on the constitutional provision, negligence on the part of the defendant is an essential element in the right of the plaintiff to recover as for the maintenance of a continuing, abatable nuisance. The court did not err for any reason assigned; and in fact, the negligence specifically alleged in the petition invited the charge. A plaintiff can not recover except upon the cause of action as laid in his petition. Pretermitting the question raised by the defendant in its brief, whether under the evidence the court would have

been justified in finding as a matter of law that the defendant was not negligent, the plaintiff can not be said to have been harmed by the charge of the court, under the allegations of the petition which sought recovery solely on the basis of a tort, namely, as for the maintenance of a continuing, abatable nuisance, in which, in the absence of danger to life or health, negligence of the defendant was an essential element to recovery.

The cases cited for the plaintiff are not in point. In *City of Macon* v. *Macon Paper Co.*, 35 *Ga. App.* 120 (132 S. E. 136), particularly relied on by counsel, it was held that under the facts alleged a cause of action was set out, and that the court did not err in overruling the defendant's demurrer; but, while it is not recited in the headnote opinion, the record shows that the petition was brought in two counts, the first being based on specified negligence and the second being based on the constitutional provision. In that case the sewerage system had become inadequate by reason of the growth of the locality, and the rainfall which caused the overflow was an ordinary rainfall. Furthermore, the condition complained of in that case was one which existed before the redesigning and reconstruction of the Poplar Street drainage area in 1925, the record in the *Macon Paper Co.* case showing that the petition was filed on January 15, 1924. It is admitted by the plaintiff that as redesigned and reconstructed in 1925 the sewerage system was adequate, and the uncontradicted evidence in the present case is that since 1925 there has been no appreciable increase of impervious area or introduction of water into the Poplar Street drainage district, and it appears that the damage sustained by the plaintiff was due to a most extraordinary rainfall not reasonably to have been anticipated in the exercise of ordinary care and diligence.

■ The fifth ground of the motion for new trial complains that the court erred in admitting in evidence testimony as to high winds and their velocity at the time of the rainfall, it being contended that the cause of plaintiff's damage was limited to the flooding of water; and that the introduction of such evidence "was prejudicial to the coffee company's case, for the reason that it tended to emphasize the severity of the storm, and was helpful to the defendant's case that this was an act of God." This contention is without merit, for the reason that it is common knowledge that heavy rains are often identified with strong winds which af-

fect the action of the water; and in the present case the testimony illustrated the severity and action of the water, and showed that the sewerage system was taxed beyond reasonable expectation in consequence of the torrential downpour and accompanying winds; that the winds not only blew the surface-water towards the Poplar Street drainage area, but uprooted and felled trees, brush, and shrubbery in confusion and abundance, filling the streets with debris, and interrupting and impeding the normal process of the disposition of water in the streets, and in many cases clogging or practically closing intake basins and preventing the water from reaching sewers normally, much of which water was swept in rushing waves beyond and across the intake basins, and abnormally and beyond reasonable expectation accumulating water in the vicinity of the place of business of the plaintiff.

■ Ground 6 complains that the court erred in admitting testimony that before the defendant used the floor on which its merchandise was stored, it knew, through its president, that it had been flooded to a depth of twelve inches; it being contended that contributory negligence is not a defense in a nuisance case, and that the evidence prejudiced the jury. The plaintiff's case was based on the maintenance of a continuing, abatable nuisance since the reconstruction of the Poplar Street drainage area in 1925, it not being contended that as then constructed the system was defective or inadequate; and the plaintiff could recover only on the ground that the defendant had been negligent since that time. From a painstaking examination of the entire voluminous record it must be said, as a matter of law, that a finding is demanded that no negligence whatever was shown on the part of the defendant. It was established by uncontradicted evidence that since 1925 there has been no appreciable increase of impervious area or introduction of water into the Poplar Street drainage district. It appears rather that the damage sustained by the plaintiff was due to a most extraordinary rainfall not reasonably to have been anticipated in the exercise of ordinary care and diligence. The local official in charge of the weather bureau testified that in his experience of many years it was about the worst rainfall he had known, being exceeded in only one instance, where in New Orleans there was a precipitation of fourteen inches in one day. It was shown in the present case that the extraordinary rainfall was accompanied

by high winds of a velocity reaching 47 and 56 miles per hour; that debris in the streets, leaves, mud, twigs, etc., interfered with the normal process of absorption by intake basins and sewers on the night of the rainfall; and that thirteen times the normal accumulation of such debris was removed from the streets on the following morning. Inasmuch as a finding was demanded, as a matter of law, that the defendant was not negligent, and negligence on the part of the defendant was a necessary element in the right of the plaintiff to recover, the error complained of, if any, was not harmful.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*