28582. LAWRENCE *v.* CITY OF LaGRANGE.

DECIDED NOVEMBER 15, 1940.

*Paul W. Hughes, Alton T. Milam,* for plaintiff.
*Lovejoy & Mayer,* for defendant.

SUTTON, J. Mrs. Sena Lawrence brought suit against the City of LaGrange, the petition alleging that she owns a certain described lot in the city and that it had damaged her in the amount of

$10,000 by reason of the following facts: That in the year 1921, or at some time subsequent thereto, the city laid or caused to be laid three large drain pipes on the north end of her property, without lease, grant, or easement, or knowledge or consent of the plaintiff, and that the water flowing through said drain pipes has cut and washed away and continues to cut, wash away, and destroy a large portion of her property the entire length of her lot; that the laying of said sewers by the city constituted a continuing trespass upon her property, and said trespass is and has been a continuous and damaging trespass since said sewers were laid; that the reasonable value of the property at the time of said damage was $3000, and that by reason of said damage it has become greatly reduced in value; that a reasonable rental value at the time of the damage by defendant herein complained of was $35 per month, and that since the installation of said drain pipes by the city the plaintiff has been unable to keep the property rented and has suffered great loss of rent by reason of said damage to her property. It was alleged that plaintiff had notified the city of her claim and of her intention to sue, as required by Code, § 69-308, before bringing suit. Judgment was prayed for $10,000 and costs of suit.

The defendant demurred to the petition on the ground that it sought to recover permanent damages for the depreciation of the value of the plaintiff's property, and that the petition showed upon its face that the alleged act which caused the damage had occurred more than four years prior to the filing of the suit, and on the further ground that the allegations of the petition did not show that it was a continuing damage, but that the damage became complete and was complete more than four years prior to the filing of the suit and that the allegations of the petition did not show a continuing trespass. The court sustained the demurrer and the exception here is to that judgment.

The plaintiff in error contends that the petition shows that the city was maintaining an abatable and continuing nuisance, and that for every act recurring she is entitled to bring an action, and that the court erred in sustaining the demurrer on the theory that the cause of action was one for permanent damage to her property, suit for which must be brought within four years from the accrual of the right of action. With this view we can not agree. The City of LaGrange had authority under its charter to

construct a system of sewers and to run the pipes upon the land of another. Ga. L. 1901, p. 477, §§ 43, 44. Whether a nuisance is shown to have been maintained must be determined by an investigation of whether the city constructed the work in an unskilful and improper manner, or negligently maintained the sewers, or whether, as constructed, the work injuriously affected the health of the plaintiff. The applicable law is stated in *Southland Coffee Co.* v. *Macon*, 60 *Ga. App.* 253, 256 (3 S. E. 2d, 739): "It is never to be presumed that the law intended that the right to construct and maintain a system of drainage carries with it the right to construct or maintain it in such a way as to endanger the health or life of another. This principle of law is set forth in *Holmes* v. *Atlanta*, 113 *Ga.* 961 (39 S. E. 458); *Mayor &c. of Waycross* v. *Houk*, 113 *Ga.* 963 (39 S. E. 577); *Langley* v. *Augusta*, 118 *Ga.* 590 (45 S. E. 486, 98 Am. St. R. 133); *Bass Co.* v. *Mac-Dougald Co.*, 174 *Ga.* 222 (162 S. E. 687); *Thrasher* v. *Atlanta*, 178 *Ga.* 514 (173 S. E. 817, 99 A. L. R. 158); *Towaliga Falls Co.* v. *Sims*, 6 *Ga. App.* 749 (65 S. E. 844); *Lewis* v. *Moultrie*, 27 *Ga. App.* 757 (110 S. E. 625); *Bainbridge Co.* v. *Ivey*, 38 *Ga. App.* 586 (144 S. E. 825); *City of Atlanta* v. *Due*, 42 *Ga. App.* 797, 805 (157 S. E. 256). Accordingly, where health or life is endangered, no question of negligence is involved in an action to recover for the creation or maintenance of a nuisance. . . 'That which the law authorizes to be done, if done as the law authorizes it to be done, can not be a nuisance.' *Bacon* v. *Walker*, 77 *Ga.* 336; *Burrus* v. *Columbus*, 105 *Ga.* 42, 46 (31 S. E. 124); *Towaliga Falls Power Co.* v. *Sims*, supra; *MacDougald Construction Co.* v. *Bass Canning Co.*, 42 *Ga. App.* 533, 535 (156 S. E. 628); *Southern Railway Co.* v. *Leonard*, 58 *Ga. App.* 574, 582 (199 S. E. 433). 'While it is true, as provided in the Civil Code, § 4457 [Code of 1933, § 72-101], that "a nuisance is anything that worketh hurt, inconvenience, or damage to another; and the fact that the act done may otherwise be lawful does not keep it from being a nuisance," the expression "may otherwise be lawful" shows that the act complained of in so far as it causes "hurt, inconvenience, or damage to another" must be unlawful, that is, a violation of some right of the plaintiffs, in order to constitute a nuisance.' *Sheppard* v. *Georgia Railway &c. Co.*, 31 *Ga. App.* 653, 656 (121 S. E. 868). 'Section 4457 of the Civil Code [Code of 1933, § 72-101],

in defining a nuisance, and in saying that the lawfulness of the act does not keep it from being a nuisance, does not mean that an act may amount to a nuisance where it is authorized by law *and then is executed* in accordance with the judgment or conclusion reached by the municipal authorities in the exercise of the governmental function; but the true interpretation of this section is that an act which the law authorizes to be done may result in an actionable nuisance only where there is negligence or error in the *execution* of the plans and specifications adopted or prescribed by the governing authority.' (Citing.) *City of Atlanta* v. *Due,* supra. Similarly, where the act itself is legal, 'it only becomes a nuisance when conducted in an *illegal* manner to the hurt, inconvenience, or damage of another.' (Italics ours.) *City of Quitman* v. *Underwood,* 148 *Ga.* 152 (96 S. E. 178) ; *Simpson* v. *DuPont Powder Co.,* 143 *Ga.* 465, 467 (85 S. E. 344, L. R. A. 1915E, 430) ; *Warren Co.* v. *Dickson,* 185 *Ga.* 481, 484 (195 S. E. 568) ; *Sheppard* v. *Georgia Railway &c. Co.,* supra."

It is not alleged in the petition that the work done by the city was performed in an unskilful or improper manner or negligently maintained or that it was dangerous to the health or life of the plaintiff. Hence, no nuisance is shown. The petition discloses at most only that the plaintiff has been damaged by reason of the depreciation of her property through an act which was authorized by the legislature. Even though the city had authority to do the work and no negligence is shown in the creation or maintenance of the sewage pipes, the plaintiff, because of the alleged damage to her property, would ordinarily be entitled to recover under the constitutional provision that "Private property shall not be taken, or damaged, for public purposes, without just and adequate compensation being first paid." Code, § 2-301. However, it appears from the petition that the work which resulted in the damage complained of was done about the year 1921, and as more than four years have elapsed before the bringing of the present action the suit is barred by the statute of limitations. Code, § 3-1001; *City of LaFayette* v. *Hagood,* 52 *Ga. App.* 168 (182 S. E. 860) ; *Southern Railway Co.* v. *Leonard,* 58 *Ga. App.* 574, 581 (199 S. E. 433). The court did not err in sustaining the defendant's general demurrer.

The cases cited and relied on by the plaintiff in error are dis-

tinguishable on their facts, inasmuch as they involve situations where the work done was dangerous to the life or health of the plaintiff and obviously constituted a nuisance.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*