32696. CANNON *v.* CITY OF MACON.

Decided March 16, 1950. Adhered to on Rehearing April 1, 1950.

316

*Martin, Snow & Grant,* for plaintiff.

*E. S. Sell Jr., Benning M. Grice,* for defendant.

MacIntyre, P. J. 1. "The officers in charge of the affairs of a municipal corporation may select places for the construction of a system of sewerage and drainage, and adopt a plan for such construction, without rendering the city liable in damages for injuries resulting from such selection and from the proper con-

struction of the system. These officers may also, if it is necessary, take or damage property of private citizens in constructing the system of sewerage and drainage, but adequate compensation must be paid for property so taken or damaged. The same is true of the construction of any public improvement. *City of Atlanta v. Green,* 67 *Ga.* 386; *Moore* v. *Atlanta,* 70 *Ga.* 611; *Roughton* v. *Atlanta,* 113 *Ga.* 948 (39 S. E. 316). If a municipal corporation negligently constructs a system of sewerage or drainage, or negligently maintains one properly constructed, so as to injure private citizens or their property, it will be liable in damages for the injury thus occasioned. The power to construct and maintain a system of drainage does not carry with it the right to maintain it in such a way as to endanger the health of the inhabitants or injure their property." *Langley* v. *Augusta,* 118 *Ga.* 590, 598 (45 S. E. 486). "In the case of *Goldsmith* v. *Elsas, May & Co.,* 53 *Ga.* 186, it was decided that 'where two city lots adjoin, the lower lot owes a servitude to the higher so far as to receive the water which naturally runs from it, provided the owner of the latter has done no act to increase such flow by artificial means.' This is in accordance with the rule of the civil law. By the civil law, the right of drainage of surface-water, as between owners of adjacent lands of different elevations, is governed by the law of nature. The owner of land which, relatively to that of an adjoining proprietor, is the lower estate, is bound to receive the surface-waters which naturally flow from the upper estate, provided the industry of man has not . . increased the servitude." *Farkas* v. *Towns,* 103 *Ga.* 150, 152 (29 S. E. 700). In the case of *Mayor of Albany* v. *Sikes,* 94 *Ga.* 30, the Supreme Court after a careful consideration of the common law rule and the civil law rule with regard to surface waters as related to adjoining property owners decided to follow "as the true law of this State the rule of the civil law; it being, of the two the sounder, the more consistent with natural justice and right, and the more in harmony with our system of law and the general conditions of the commonwealth of this State." *Farkas* v. *Towns,* supra. The City of Macon demurred generally to count 1 of the petition on the ground that it failed to set forth a cause of action. The plaintiff contends that the gist of the action in count 1 is not based upon mere negligence,

but is based on nuisance and not mere negligence. These two doctrines should not be confused. "Municipal corporations shall not be liable for failure to perform, or for errors in performing, their legislative or judicial powers [governmental functions.] For neglect to perform, or for improper or unskilful performance of their ministerial duties they shall be liable." Code, § 69-301. "In an action in tort against a municipality based on negligence [alone], a distinction is made [by the foregoing code section] as to liability, [a] dependent on whether the tort arose from negligence in the exercise of, or failure to perform, a governmental function, for which the municipality is not liable; or [b] whether it arose from negligence in the exercise of or failure to perform, a ministerial function, for which the municipality is liable." *Foster* v. *Savannah*, 77 *Ga. App.* 346, 348 (48 S. E. 2d, 686). In the case of an injury based upon negligence alone in the exercise of, or failure to perform, a governmental function the injury would be damnum absque injuria because the hurt would be without redress under Code § 69-301; and again, let us emphasize that this rule is not to be confused with nuisance. The plaintiff contends that this count is based on the separate and distinct theory of nuisance where no acts of negligence are an essential part or necessary ingredient of the cause of action set out in this count. "A nuisance is anything that works hurt, inconvenience, or damage to another; and the fact that the act done may otherwise be lawful shall not keep it from being a nuisance. The inconvenience complained of shall not be fanciful, or such as would affect only one of fastidious taste, but it shall be such as would affect an ordinary reasonable man." Code, § 72-101. "The rule is that while municipal corporations do have certain sovereign governmental powers which cannot be superintended by the courts, yet in the exercise of such powers they have no right to create and maintain a nuisance hurtful to private citizens." *City of Macon* v. *Roy*, 34 *Ga. App.* 603, 605 (130 S. E. 700). "Negligence is not even a necessary ingredient of a cause of action growing out of a nuisance. . . A nuisance may arise through acts and conduct done within the pale of the law and executed with due care; and yet if the result attained injures the property or individual rights of another by causing a nuisance, the maintainer must either abate the nuisance or

else respond in damages. . . A nuisance is the result of an action which is not wrongful in itself, but only in the consequences which may flow from it." *City of Macon* v. *Roy,* supra. "It will be found upon examination that in the matter of overflowing the lands of another, there is a recognized difference between natural streams, passing within well defined and actual banks, and surface water caused by rain or melting snow. The obligation to keep the streets in repair involves the right to make changes in the surface of the ground, and although such changes affect the adjacent owners injuriously, where the power is not exceeded there is no liability. Neither is the municipality bound to protect one from the surface water who owns land below the level of the street. A municipal corporation is not liable to an action for *consequential damages* to private property or persons when the act done is pursuant to a power conferred [governmental function] and whether wise or unwise cannot be judicially . . corrected. 1 Dillon Mun. Co., § 59; 2 Ib. 781, 798, 799. . . Each [adjacent property owner] bought and improved with the knowledge that the right existed in the city over the streets to work, to raise, to grade, to drain, and unless that legal right was exceeded, it would be a case of damnum absque injuria. The case of a private or public nuisance is not to be confounded with those enumerated." *Mayor &c., of Americus* v. *Eldridge,* 64 *Ga.* 525, 528. "In the location of sewers and drains, and *perhaps* in determining their dimensions, municipal authorities exercise a judicial or legislative discretion, and are no more liable for such injury as happens, without negligence, to adjacent land owners, in consequence of the location and dimensions of said drains than they are for the injuries resulting from fixing the grade of streets. Such injuries may be 'damnum absque injuria.' But after the dimensions have been agreed upon or determined, they are liable in damages for negligence in *constructing* the sewers or drains, and they must be kept in order just like streets — must be kept in good condition, and the liability for the consequences of non-repair is the same as in case of a street." *Mayor &c. of Savannah* v. *Spears,* 66 *Ga.* 304, 308; and see *Mayor &c. of Brunswick* v. *Tucker,* 103 *Ga.* 233 (29 S. E. 701). "Although a system for the drainage of surface-water from the streets of a city may be sufficient for that purpose at the time of its instal-

lation, yet where, by reason of changed conditions, due to the erection of buildings which shed water into the streets, and to the construction of pavements in the streets, both of which prevent the natural seepage of surface-water into the ground and thereby concentrate and augment the volume of water flowing through the streets, the drainage system becomes inadequate to carry off water accumulating in the streets from ordinary rainfall, by reason of which condition the water precipitated into the streets during a rainfall is not drained with sufficient rapidity to prevent its overflowing upon adjoining premises, and where the situation is known to the city, its maintenance thereafter by the city constitutes a nuisance, and the city may be liable for resulting damage therefrom to adjacent property owners. *Langley* v. *Augusta,* 118 *Ga.* 590 (8) (45 S. E. 486, 98 Am. St. R. 133) ; *Mayor &c., of Waycross* v. *Houk,* 113 *Ga.* 963 (2) (39 S. E. 577) ; 4 Dillon on Municipal Corporations, § 1745; *City of Macon* v. *Roy,* 34 *Ga. App.* 603 (130 S. E. 700)." *City of Macon* v. *Macon Paper Co.,* 35 *Ga. App.* 120 (1) (132 S. E. 136). The allegations of this count of the petition bring it well within the rule relating to a municipality's liability for creating or maintaining a nuisance and the facts alleged are in many respects strikingly similar to those of the *Macon Paper Company* case, supra, which was held by this court to state a cause of action. We wish to call especial attention to the following statement in *Bass Canning Company* v. *MacDougald Construction Co.,* 174 *Ga.* 222, 224 (162 S. E. 687) : " 'It is contended, that as the city had the right to establish a system of "grading and drainage" by its charter, it is not liable for damages done to private citizens if the same was done skilfully. With this view we do not concur. The grading and drainage must be done so that the same will not prove a nuisance to the citizens, impairing the health of families and producing noxious scents thereby rendering the enjoyment of their property impossible. If it be so done, the city will be liable for damages.' *Smith* v. *Atlanta,* 75 *Ga.* 110. It was further said in the *Smith* case: 'This sewer was and is under the control of the city; if it be a nuisance and the city has not abated it, no one else could; not having abated it, the city may be said to have maintained it and kept it up, and it is thereby a continuing nuisance, for the maintenance of which

the city is liable.' " It was in this case that the Supreme Court reversed the case of *MacDougald Construction Co.* v. *Bass Canning Co.*, 42 *Ga. App.* 533 (156 S. E. 628), which cites *City Council of Augusta* v. *Lamar*, 37 *Ga. App.* 418 (140 S. E. 763). "Manifestly, power to construct a system of sewers and drains does not authorize the municipal corporation to create a nuisance. In such a case the city cannot escape liability on the ground that it is engaged in the performance of a governmental function." 4 McQuillin, Municipal Corporations (2d, ed. revised), p. 412, § 1557; *Delta Air Corporation* v. *Kersey*, 193 *Ga.* 862, 870, (20 S. E. 2d, 245). It follows that the court erred in sustaining the general demurrer to this count of the petition.

2. Count 2 of the petition contained all the allegations of count 1 and an allegation was added that the defendant made regular use of the sewer and exercised control over it for more than 20 years and had thus adopted and taken over the sewer as a part of its drainage system and had made repairs to it. It was further alleged that all of the damage to the plaintiff's real estate was caused by the negligence and neglect of the defendant through its agents and servants and this negligence and neglect was specifically set out. Thus, we see that count 2 is also based on the theory of nuisance, and the allegation of the many acts of negligence is included, not as the gist of the cause of action but to explain or make clearer the gist of the cause of action founded on the wrongful (which happened here to be the negligent) acts in creating or maintaining the nuisance, and the court erred, therefore, in sustaining the general demurrer to this count.

3. The allegations of count 3 are essentially the same as those of count 1 and count 2. The major addition was the allegation that the plaintiff's property had been damaged in violation of article 1, section 3, paragraph 1 of the Constitution. From what has been said in division 1 of this opinion, this count stated a cause of action for nuisance, and the court erred in sustaining the general demurrer to this count. Nothing that is legal in its erection can be a nuisance per se. The manner of its being kept might become so. *Bacon* v. *Walker*, 77 *Ga.* 336, 338; *Austin* v. *Augusta Terminal Railway Co.*, 108 *Ga.* 671 (1) (34 S. E. 852).

4. The defendant demurred specially to count 3 of the petition on the ground that it is duplicitous "since it seeks to set forth two causes of action in a single count, one based on the law of nuisance for the maintaining of a situation endangering life and health, and the other based on damaging private property without compensation contrary to the Constitution of the State of Georgia as set forth in Section 2-301 of the Code of Georgia." The defendant also demurred specially to the petition as a whole upon the ground that it seeks to allege causes of action not of a similar nature, in that counts 1 and 2 are based on nuisance while count 3 is based on the damaging of private property for public uses in violation of Code § 2-301. These special demurrers may be disposed of together. Prior to the Constitution of 1877, that section of the Code read: "In cases of necessity, private ways may be granted upon just compensation being first paid; and, with this exception, private property shall not be taken, save for public use, and then only on just compensation to be first provided and paid, unless there be a pressing, unforeseen necessity; in which event the General Assembly shall make early provision for such compensation." Constitution of 1865, art. 1, paragraph 17. By the Constitution of 1877 this section was amended to read: "In cases of necessity, private ways may be granted upon just compensation being first paid by the applicant. Private property shall not be taken or damaged for public purposes, without just and adequate compensation being first paid." In construing this clause of the Constitution of 1877 the Supreme Court said in *Austin* v. *Augusta Terminal Railway Co.*, 108 *Ga.* 671 (1) (supra): " . . the word damaged is used in its usual sense as a law term, and does not change the substantive law of damages, or create a cause of action where none previously existed; nor does it abrogate the principle expressed in the phrase 'damnum absque injuria'; but it does preserve all existing causes of action for damages to private property and prohibit exemptions of liability for such damages, even if occasioned by public uses." In *Mayor &c., of Albany* v. *Sikes*, supra, the court held: "Before the ratification of the present constitution of this State [Constitution of 1877] the owner of private property actually taken for public use was undoubtedly entitled

to compensation; but where such property was merely damaged in the prosecution of a public work, it was damnum absque injuria. Our Constitution now provides that: 'private property shall not be taken or *damaged* : .' It follows that where a municipal corporation, in the exercise of a statutory power authorizing it to erect and maintain city water works, in so doing injures or damages the private property of a citizen, that corporation will be liable to make compensation in damages, if an individual would be liable for causing injuries or damages of the same kind." In this connection see *City of Atlanta* v. *Green,* 67 *Ga.* 386 (supra); *Mayor &c. of Macon* v. *Wing,* 113 *Ga.* 90 (38 S. E. 392); *Long* v. *Elberton,* 109 *Ga.* 28 (34 S. E. 333). The allegations of count 3 were essentially the same as those of counts 1 and 2 with the additional allegation that "the actions of the defendant in increasing the flow of water in said sewer beyond the capacity of the same and thereby damaging the petitioner's property, as herein alleged, amounts to the damaging of the petitioner's property for public uses without just and adequate compensation being first paid in violation of article 1, section 3, paragraph 1 of the Constitution of the State of Georgia. We do not here pass upon the question whether or not the third count states a cause of action, that question has been answered in the foregoing divisions of this opinion. The only questions here are whether this additional allegation that the defendant's action violated the specified section of the Constitution added another cause of action thereby making the count duplicitous or misjoins counts 1 and 2 with count 3. We think that both of these questions must be answered in the negative. It was not necessary to make this additional allegation at all. It could, however, be made as a general averment for the purpose of obtaining a decision on the special facts pleaded. As shown by the foregoing authorities, if the plaintiff had a cause of action for damage to private property her action would lie against the city. "It is regularly necessary in pleading to state nothing except facts, and as the case may be, conclusions from them; or in other words, nothing except facts as they really exist, or are, by legal fiction or presumption, deemed to exist. It is of course unnecessary, generally speaking, to allege matter of law. For the judges are always presumed . . to know

324

judicially what the law is." Will's Gould on Pleading (6th ed.) p. 200. Because the pleader alleges the conclusion that a nuisance caused the damage—or any other conclusion as to what caused the damage is immaterial. It is the allegations of fact which determine her cause of action and if she had a cause of action at law under those facts, all the Constitution of 1877 did was to say that she might pursue that cause of action against the city. The rules of law relative to damage to private property remained just as they had been before, no new cause of action was created. The Constitution of 1877 merely removed the city's exemption from liability. The court therefore erred in sustaining these special demurrers.

5. In view of what we have previously held, that a cause of action was set forth in each of the three counts for maintaining a nuisance, the notice given the city was sufficient and in compliance with Code § 69-308. The notice was in fact a copy of the original petition which sought to state a cause of action for nuisance in one count and certainly apprised the defendant of such facts as would enable it to investigate the merits of the case stated in the three counts of the petition, as amended. No new or different cause of action was added by the amendment. A substantial compliance with this section of the Code is all that is required. *City of Sandersville* v. *Stanley*, 10 *Ga. App.* 360 (2) (73 S. E. 535), and citations.

6. Under the view which we have taken of the petition, none of the remaining special demurrers was meritorious.

For the foregoing reasons the court erred in sustaining the general and the special demurrers to the petition.

*Judgment reversed. Gardner and Townsend, JJ., concur.*