35317. INGRAM *v.* CITY OF ACWORTH.

DECIDED OCTOBER 1, 1954.

Ben Smith, for plaintiff in error.

L. M. Autrey, Hubert Schroeder, contra.

TOWNSEND, J. Ground 3 of the general demurrer is on the proposition that the petition states no cause of action for the reason that the maintenance and operation of a sewerage-disposal plant is purely a governmental function for which there is no liability on the part of the city. In Cannon v. City of Macon, 81 Ga. App. 310, 321 (58 S. E. 2d 563), an action against a municipality for the construction and operation of a storm sewer in such manner as to damage the plaintiff's property, the following was cited with approval by the court as against the contention that the municipality was not liable for a governmental function: " 'It was . . . said in the Smith case [Smith v. Atlanta, 75 Ga. 110]: "This sewer was and is under the control of the city; if it be a nuisance and the city has not abated it, no one else could; not having abated it, the city may be said to have maintained it and kept it up, and it is thereby a continuing nuisance, for the maintenance of which the city is liable." ' [Bass Canning Co. v. MacDougald Construction Co., 174 Ga. 222, 224]. It was in this case that the Supreme Court reversed the case of MacDougald Construction Co. v. Bass Canning Co., 42 Ga. App. 533 (156 S. E. 628), which cites City Council of Augusta v. Lamar, 37 Ga. App. 418 (140 S. E. 763). 'Manifestly, power to construct a system of sewers and drains does not authorize the municipal corporation to create a nuisance. In such a case the city cannot escape liability on the ground that it is engaged in the performance of a governmental function.' 4 McQuillin, Municipal Corporations (2d ed., revised), p. 412 § 1557; Delta Air Corporation v. Kersey, 193 Ga. 862, 870 (20 S. E. 2d 245). It follows that the court erred in sustaining the general demurrer to this count of the petition."

In Kea v. City of Dublin, 145 Ga. 511 (89 S. E. 484), it is held: "Although municipal authorities may have plenary power in the matter of collection, removal, and disposition of garbage, yet they can not lawfully create, in connection therewith, a

nuisance dangerous to health or life; and where such a nuisance is created and its effect is specially injurious to an individual by reason of its proximity to his home, he has a cause of action for damages. *Bell* v. *Mayor &c. of Savannah,* 139 *Ga.* 298 (77 S. E. 165)." In the *Kea* case it was alleged that the city commenced to dump refuse and waste into the springhead of a pond about 100 yards from the petitioner's front door, that it placed there refuse, waste, and the bodies of dead animals, chickens, rats, and cats; that the refuse and dead bodies caused the water to remain ponded, stagnant, polluted, and poisonous, sending forth noxious and offensive odors and vapors, resulting in sickness to members of petitioner's family and in stated medical expenses, and great physical and mental pain and suffering, diminution of the rental and market value of his property. The petition here alleges more briefly that the municipality never covered the sewerage-disposal plant; that "refuse and dead dogs were allowed by said city to fall into said sewerage-disposal plant, causing odors of such a foul nature that it is oftentimes impossible for plaintiff and his family to remain at home . . . that their health and happiness has been seriously damaged thereby; and that the failure of the city to properly erect and operate said sewage-disposal plant has allowed the same to become stagnant and to be polluted, sending forth such noxious odors and vapors and further impregnating the air that plaintiff and his family have become sick with fevers"; that, at the time of erection of the plant, the property had a market value of $10,000; and that "at the present time plaintiff has been unable to even obtain an offer for his property." Thus here, as in the *Kea* case, the petition alleges the maintenance of a continuing nuisance, by reason of which fumes given off from the installation are of such intensity as to injure the health of plaintiff and his family, reduce and materially interfere with their full enjoyment of their premises, and decrease the value of the realty. As stated in *Delta Air. Corp.* v. *Kersey,* 193 *Ga.* 862, 871 (20 S. E. 2d 245), "a city must so construct and maintain sewer and drainage systems as not to create a condition dangerous to life and health." The same is, of course, applicable to the city's maintenance of a sewerage-disposal plant. Accordingly, the fact that sewerage disposal is a governmental function would

not bar an action for damages because of the resulting nuisance created thereby.

2. By its 4th ground of demurrer, the defendant in error contends that there is a misjoinder of causes of action, in that the petition seeks damages based upon the theory of negligence and also damages based upon the theory of nuisance. As seen above, the collection and disposition of sewerage is a governmental function, and there is accordingly no cause of action on the theory of negligence alone, because damage resulting from the exercise of a governmental function in a negligent manner would constitute damnum absque injuria. However, "an action sounding in tort may be brought against a municipal corporation for the creation or maintenance of a nuisance, without reference to any question of negligence, where danger to health or life is involved; and . . . an action sounding in tort may be brought against a municipal corporation for the creation or maintenance of a nuisance where the defendnat is negligent, even though the act was authorized to be done." *Southland Coffee Co.* v. *City of Macon*, 60 *Ga. App.* 253, 258 (3 S. E. 2d 739). "That which the law authorizes to be done, if done as the law authorizes it to be done, cannot be a nuisance." *Burrus* v. *City of Columbus*, 105 *Ga.* 42, 46 (31 S. E. 124); *Bacon* v. *Walker*, 77 *Ga.* 336. "Where the business itself is legal, it only becomes a nuisance when conducted in an illegal manner, to the hurt, inconvenience or damage of another." *City of Quitman* v. *Underwood*, 148 *Ga.* 152 (96 S. E. 178); *Sheppard* v. *Ga. Ry. &c. Co.*, 31 *Ga. App.* 653, 656 (121 S. E. 868); *Lawrence* v. *City of LaGrange*, 63 *Ga. App.* 587, 589 (11 S. E. 2d 696). The petition here sufficiently shows an improper maintenance of an authorized structure, with resulting injury to health and property damage, to withstand a general demurrer; and the fact that the alleged improper maintenance results from negligent acts on the part of the defendant does not create a misjoinder of actions, but only strengthens the action as laid on the theory of a continuing nuisance. The demurrer on the ground that there was a misjoinder of actions should have been overruled.

3. The 5th ground of general demurrer raises the question of whether there is any right of action in the plaintiff. The petition affirmatively shows that the defendant built the plant

but failed to cover it, and has so operated it from that time to the present. It was apparently the failure to cover the plant which the defendant alleges as the reason for "refuse and dead dogs" being allowed to fall therein, and it was this refuse which caused the foul odors complained of, which resulted in sickness to the plaintiff and his family. It is further alleged that the city, by failing to "erect and operate" the plant properly, allowed it to become polluted and send forth the noxious odors. The plant was erected, and operations commenced, in November, 1950, at which time the plaintiff's wife rather than the plaintiff was the owner of record. The property was transferred to the plaintiff in April, 1952, and the petition was filed in September, 1953. It is contended that, since the plant was being operated in the same condition when title was transferred to the plaintiff as when he brought the action, it must be deemed that he took title with knowledge of these facts and has no right to complain.

Code § 72-105 provides as follows: "The alienee of a person owning the property injured may sue for a continuance of the nuisance." The owner or lessee of land who takes it, although with knowledge of the nuisance, has a right to presume that, being illegal, it will be abated; and, if it is not, he may sue for damages resulting to him therefrom. *Central Railroad* v. *English,* 73 *Ga.* 366 (1). *Southern Ry. Co.* v. *Leonard,* 58 *Ga. App.* 574 (199 S. E. 433), cited by the defendant, has no application here. That case was an action for damages to realty, in which it was held that, no nuisance being shown, the right of action did not run with the land and could not be brought by a subsequent purchaser. Here there is alleged a continuing nuisance with resultant injury to both health and property, and the plaintiff has a right to bring the action in his own name, for such damages as he may have suffered thereby during his period of ownership, within the statute of limitations.

The trial court erred in sustaining the general demurrers and dismissing the petition.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*