29870. CITY OF ROME v. TURK et al.

NICHOLS, Chief Justice.

This case is here on application for writ of certiorari (*Turk v. City of Rome,* 133 Ga. App. 886 (212 SE2d 459)). The Court of Appeals reversed the grant of summary judgment in favor of the defendant city.

This court granted certiorari on the questions of (a) whether negligence was the only theory on which the plaintiffs proceeded in the trial court; and (b) whether there is an issue of fact to be tried on the theory of nuisance.

1. The plaintiffs' petition alleged that the city dug a drainage ditch from unimproved property adjacent to their property "onto plaintiffs' property without plaintiffs' prior knowledge and consent." It is also alleged that the city "committed wilful and wanton acts of trespass upon plaintiffs' property by cutting down a portion of plaintiffs' hedge . . . and also destroyed part of plaintiffs' wire fence," causing a stated amount of damage. It is also alleged in the petition that because of the negligent manner in which the city proceeded in constructing the drainage ditch, water overflowed on their property, damaging same in stated particulars.

The plaintiffs proceeded in the trial court only on their petition and the answers to interrogatories propounded by the defendant city. In their argument to the Court of Appeals, they cited cases allowing recovery against a municipality for damages caused by overflowing drainage sewers. These cases discuss the negligent, improper and unskilful manner in which the work was accomplished and recovery was allowed on the theory of nuisance.

The power to construct and maintain a sewer and drainage system is a governmental function. *City Council of Augusta v. Williams,* 206 Ga. 558 (57 SE2d 593). In *Ingram v. City of Acworth,* 90 Ga. App. 719, 720 (84 SE2d 99), the Court of Appeals said: "In *Cannon v. City of Macon,* 81 Ga. App. 310, 321 (58 SE2d 563), an action against a municipality for the construction and operation of a storm sewer in such manner as to damage the plaintiff's property, the following was cited with approval by the court as against the contention that the municipality was not liable for a governmental function: ' "It was . . . said in . . . [*Smith v. Atlanta,* 75 Ga. 110]: 'This sewer was and is under the control of the city; if it be a nuisance and the city has not abated it, no one else could; not having abated it, the city may be said to have maintained it and kept it up, and it is thereby a

continuing nuisance, for the maintenance of which the city is liable.' " [*Bass Canning Co. v. MacDougald Construction Co.,* 174 Ga. 222, 224]. It was in this case that the Supreme Court reversed the case of *MacDougald Construction Co. v. Bass Canning Co.,* 42 Ga. App. 533 (156 SE 628), which cites *City Council of Augusta v. Lamar,* 37 Ga. App. 418 (140 SE 763). "Manifestly, power to construct a system of sewers and drains does not authorize the municipal corporation to create a nuisance. In such a case the city cannot escape liability on the ground that it is engaged in the performance of a governmental function." 4 McQuillin, Municipal Corporations (2d Ed., revised), p. 412 § 1557; *Delta Air Corporation v. Kersey,* 193 Ga. 862, 870 (20 SE2d 245). It follows that the court erred in sustaining the general demurrer to this count of the petition.' " Thus, under the old demurrer practice where facts are alleged in the petition sufficient to draw the conclusion that a nuisance had been created, it was sufficient to withstand a general demurrer.

"A nuisance is anything that works hurt, inconvenience or damage to another; and the fact that the act done may otherwise be lawful shall not keep it from being a nuisance." Code § 72-101. In *Lawrence v. City of LaGrange,* 63 Ga. App. 587, 589 (11 SE2d 696), it was said: "Whether a nuisance is shown to have been maintained *must be determined by an investigation* of whether the city constructed the work in an *unskilful and improper manner,* or negligently maintained the sewers, or whether, as constructed, the work injuriously affected the health of the plaintiff." (Emphasis supplied.) In the present petition it is alleged that the city proceeded in a wilful, wanton and negligent manner in the construction of the drainage ditch causing water to overflow on the plaintiffs' property causing damage. Under the Civil Practice Act a complaint is to be construed in the light most favorable to plaintiff and all inferences that can be reasonably drawn are to be construed in plaintiff's favor (*Harper v. DeFreitas,* 117 Ga. App. 236 (160 SE2d 260)), and in a motion for summary judgment this same preference is to be given to the party opposing the motion. Given these favorable inferences to the petition in this

case, the Court of Appeals did not err in reversing the grant of summary judgment as to the whole case. The allegations of wilful and wanton negligence of the city in the construction of the drainage ditch would raise an issue as to whether the city, by the doing of a lawful act in such an improper manner, had created a nuisance.

2. The petition also alleged a wilful trespass for which the plaintiffs would be entitled to compensation for the taking or damaging of private property.

3. This case does not fall within the ruling of *Hess Oil &c. Corp. v. Nash,* 226 Ga. 706, 709 (177 SE2d 70), which held "We do not know of any law or rule of practice and procedure that authorizes the Court of Appeals or this court to examine the entire record and grant a new trial upon a ground of their own making . . ." This case involves the grant of summary judgment as to the entire case by the trial court and an appeal from such judgment. Code Ann. § 81A-156 (c) provides in part: "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The Court of Appeals did not err in examining all the material of record to determine if there remained any issues for trial.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 7, 1975 — DECIDED SEPTEMBER 11, 1975 — REHEARING DENIED SEPTEMBER 23, 1975.

*Brinson, Askew & Berry, Robert M. Brinson,* for appellant.

*Robert Evans,* for appellees.