### 51146. KELLER et al. v. CITY OF TOCCOA.

QUILLIAN, Judge.

This appeal was taken from the grant of the City of Toccoa's motion for summary judgment based on an action against the city for negligence and maintenance of a nuisance in construction involving a drainage system which allegedly caused personal injuries to the minor plaintiff. *Held:*

The construction, installation and maintenance of a sewer drainage system is a governmental function for which an action for negligent performance of such duties will not lie. *Turk v. City of Rome,* 133 Ga. App. 886, 887 (1) (212 SE2d 459), (affirmed on certiorari in *Turk v. City of Rome,* 235 Ga. 223 (219 SE2d 97 and cases therein cited). However, "even though the construction, installation and maintenance of a sewer-drainage system, including that for surface water, is a governmental function, a municipal corporation can nevertheless be held liable with respect to these activities on the theory of nuisance." *Turk v. City of Rome,* 133 Ga. App. 888 (3), supra.

In *Turk v. City of Rome,* supra, the Supreme Court also pointed out: "Under the Civil Practice Act a complaint is to be construed in the light most favorable to plaintiff and all inferences that can be reasonably drawn are to be construed in plaintiff's favor . . . and in a motion for summary judgment this same preference is to be given to the party opposing the motion."

Argument is made that the work in question was not on city property. We find no merit in such contention for this would only logically lead to the position that the city

was not performing a governmental function in which case it would be liable for negligence. Based on this record, the mere fact that where the injury occurred the work was performed on an individual's property would not change the essential issue as to whether the City of Toccoa was maintaining a nuisance. Here a jury question was presented and it was error to grant the defendant's motion for summary judgment.

*Judgment reversed. Clark, J., concurs. Pannell, P. J., concurs specially .*

ARGUED SEPTEMBER 4, 1975 — DECIDED NOVEMBER 13, 1975. REHEARING DENIED DECEMBER 8, 1975 — ▮▮▮▮▮▮▮

*Alton M. Adams,* for appellants.
*McClure, Ramsay, Struble & Dickerson, Robert B. Struble, John A. Dickerson,* for appellee.

PANNELL, Presiding Judge, concurring specially.

The Court of Appeals is bound by the ruling of the Supreme Court. In *Phillips v. Town of Fort Oglethorpe,* 118 Ga. App. 62, 71-78 (162 SE2d 771), I dissented, but the views of the the majority as to nuisance were upheld by the Supreme Court in *Town of Fort Oglethorpe v. Phillips,* 224 Ga. 834 (165 SE2d 141).

Also, in the case of *Turk v. City of Rome,* 235 Ga. 223 (219 SE2d 97), the nuisance theory was upheld. And although the property right of plaintiffs was present in *Turk,* I do not think the case was based upon it, or that it is distinguishable under that theory.

Therefore, under the holding in *Hall v. Hopper,* 234 Ga. 625 (216 SE2d 839), and we being bound by the Supreme Court rulings, I concur in the judgment of this case.